The judgment of the General Term should be affirmed.

All concur, except PECKHAM, J., taking no part.

Judgment affirmed.

JOHN P. KENNEDY, Appellant, *v.* ROBERT T. HOY, as Executor, etc., et al.. Respondents.

The will of E., directed a share of her estate to be placed in the hands of her executors as trustees, the net income thereof to be applied to the support and maintenance of her son W., and his family during his life, and after his death the income to be paid to his surviving children "until they reach the age of twenty-one years, when the principal is to be divided among them, share and share alike." In case of the death of W. without lawful issue, or of all his children dying subsequently to his decease, before reaching the age of twenty-one, then the will directed the share to be divided among the other children of the testatrix. W. survived the testatrix, having a wife and two children. In an action by a judgment creditor of W. to reach the trust fund, he claiming the trust to be void as an unlawful suspension of the absolute ownership, and that, therefore, title to the trust property vested in W. *Held*, that the claim was untenable; that at least the trust for the life of W. was valid, and as this was a separate trust, complete of itself, it could stand, although the trust to take effect after his death should be held invalid.

Where several trusts are created by a will, which are independent of each other and each complete in itself, some of which are legal and others illegal, and the legal can be separated from the illegal and upheld,

without doing injustice or defeating what the testator might in the emergency be presumed to wish, the illegal trusts may be cut off and the legal permitted to stand.

(Submitted March 2, 1887; decided March 22, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 10, 1886, which affirmed a judgment in favor of defendants, entered upon an order sustaining a demurrer to plaintiff's complaint.

The nature of the action and the material facts stated in the complaint, appear in the opinion.

*Thos. M. Wheeler* for appellant.    The trust is void, because it is not limited " during the continuance and until the termination of not more than two lives in being at the death of the testatrix " and because it may suspend the absolute ownership of personal property for a longer period than during two lives. (1 R. S. 773, § 1; *Everett* v. *Everett,* 29 N. Y. 71; *Crooke* v. *County of Kings,* 97 id. 436 ; *Hawley* v. *James,* 16 Wend. 171, 172; *Benedict* v. *Webb,* 98 N. Y. 463 , *Wells* v. *Wells,* 88 id. 331.) If the vesting of the absolute estate is delayed longer than during the continuance of, and until the termina_ tion of more than two lives in being, then the estates created are void.    (1 R. S. 773, § 1; *Everett.* v. *Everett,* 29 N. Y. 72 ; *Smith* v. *Edwards,* 88 id. 103; *Jennings* v. *Jennings,* 7 id. 548; *Warner* v. *Durant,* 76 id. 136 , *Hobson* v. *Hale,* 95 id. 611 ; *Purdy* v. *Hoyt,* 92 id. 454 ; *Shipman* v. *Rollins,* 98 id. 323.)    In the case at bar there are no persons in being who can convey an absolute fee in possession, or the absolute ownership of the property, held in trust for William E. Hoy. (1 R. S. 729, §§ 60, 63, 65 ; *Costar* v. *Lorillard,* 14 Wend. 310.) Each of the trusts created are entire and cannot be separated into parts, and. one part declared valid and another, invalid. The entire trust must be valid.    The invalidity of one part invalidates the whole.    (*Knox* v. *Jones,* 47 N. Y. 389, 397 ; *Van Schuyver* v. *Mulford,* 59 id. 432; *Amory* v. *Lord,* 9 id. 403, 413 ; *Jennings* v. *Jennings,* 47 id. 547 ; *Benedict* v.

*Webb,* 98 id. 463, 466.) Even upon the theory that each child is entitled absolutely to its share on arriving at age, still the trust would be void, for it would suspend the share of the child last arriving at age through an indefinite number of lives or minorities. (*Jennings* v. *Jennings,* 7 N. Y. 548, 549.)

*E. H. Grandin* for respondents. If either of William's children died before majority without issue, the trust ceases as to his or her share of the *corpus,* and thus there was no unlawful suspension of the power of alienation. (2 R. S. [6th ed.] 1167, §§ 1, 2; *Gilman* v. *Reddington,* 24 N. Y. 12; *Manice* v. *Manice,* 46 id. 303; *Harrison* v. *Harrison,* 36 id. 543; *Savage* v. *Burnham,* 17 id. 569; *Gott* v. *Cook,* 7 Paige, 521; *Westerfield* v. *Westerfield,* 1 Bradf. 137; *Wells* v. *Wells,* 88 N. Y. 323; *Monarque* v. *Monarque,* 80 id. 420; *Tiers* v. *Tiers,* 32 Hun, 184; *Bingham* v. *Jones,* 25 id. 6; *Leavitt* v. *Walcott,* 65 How. Pr. 51; *Kelso* v. *Lorillard,* 85 N. Y. 177.) The fair and reasonable construction of the clause in the will is, at the expiration of the life interest of William his children take the *corpus* of the trust in fee. (*Du Bois* v. *Ray,* 35 N. Y. 162; *Collin* v. *Collin,* 1 Barb. Ch. 630; *Booth* v. *Booth,* 4 Ves. 399; *Jones* v. *Mackilwain,* 1 Russ. 220; 1 Jarman on Wills, 647, 648; *Bland* v. *Williams,* 3 Myl. & K. 411; 1 Jarman on Wills, 652.) The heroic remedy of setting aside the entire trust cannot be resorted to here, because it would defeat entirely the express intention of the testatrix. (*Everett* v. *Everett,* 29 N. Y. 39; *Crooke* v. *County of Kings,* 97 id. 421; *Hawley* v. *James,* 16 Wend. 61; *Smith* v. *Edwards,* 88 N. Y. 92; *Jennings* v. *Jennings,* 7 id. 548; *Warner* v. *Durant,* 76 id. 133.)

EARL, J. The plaintiff, a judgment creditor of William E. Hoy, seeks in this action to procure satisfaction of his judgment out of a certain fund placed in trust under the last will of his mother Ella Nora Hoy, for the benefit of William and his children.

In her will the testatrix placed a share of her estate in the

hands of her executors and directs them to apply the income thereof to the support and maintenance of William E. Hoy and his family during his life, and after his death to pay the income to his surviving children, "until they reach the age of twenty-one years, when the principal is to be divided among them, share and share alike;" and in case William should die without lawful issue surviving him, or in case all his children should die subsequently to his decease before reaching the age of twenty-one years, and without leaving issue, then she directs the share to be divided equally among all her three surviving children, and the children of any deceased child. William survived, and had a wife and two children.

The claim on the part of the plaintiff is, that the trusts created for the benefit of William and his children are void, because they suspend the absolute ownership of personal property for a longer period than is authorized by the statute, and that, therefore, the whole or a portion of the trust property became vested in William, and that the plaintiff can reach that property for the satisfaction of his judgment.

We do not deem it important now to determine whether all the trusts for William E. Hoy and his children are valid or not, because it is sufficient for the determination of this action that the trust for the life of William is legal and valid. That is a separate trust, created by a separate paragraph in the will, is complete in itself, and is not connected with the trust intended to take effect after his death, and can be permitted to stand alone. It has been decided in many cases that where in a will some trusts are legal and others illegal, if they are so connected together as to constitute an entire scheme, so that the presumed wishes of the testator would be defeated if one portion were held legal and other portions illegal, or if manifest injustice would result to the beneficiaries under the will, or some of them, by holding one trust legal and the others illegal, then all the trusts must be construed together, and all must be held to be illegal, and must fall together. But when several trusts are created, and they are independent of each other, each trust complete in itself, and

the legal can be separated from the illegal and upheld without doing injustice, or defeating what the testator might in the emergency be presumed to wish, the illegal trust may be cut off and the legal permitted to stand, and thus the intention of the testator be effectuated so far as the law will permit. In this case, by upholding the trust for the benefit of William E. Hoy during his life, no injustice is done to any of the other beneficiaries under the will, and effect is given to the primary intention of the testatrix, so far as pertains to William and his family. A precise authority for this conclusion is the case of *Van Schuyver* v. *Mulford* (59 N. Y. 426). In that case the will of M., by separate and independent clauses, gave to his wife the rents, income and profits of his estate, real and personal, during her life, to the extent necessary to her support; and in case they were insufficient, he directed his executor and trustee to take and pay to her from the body of the estate, what should be necessary from time to time. In another clause he bequeathed the rents, income and profits after the death of his wife to his two daughters during life, and after the death of the wife and daughters, he devised and bequeathed the estate to the issue of his said daughters ; and it was held that the provision for the wife was valid, and would be sustained, although the devise over was void. That case is so like this that no other authority need be referred to or cited.

Therefore, the trust for William E. Hoy being valid, there is nothing out of which to satisfy the plaintiff's judgment, and there is no ground for the maintenance of this action.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.