CAROLINE L. BROWN and Others, Plaintiffs, *v.* CHARLES J. RICHTER, as Executor, etc., of JAMES W. LAWRENCE, Deceased, and Another, Defendants.

*Legal and illegal trusts created by a will — when the legal may be separated from the illegal.*

Where several trusts are created by will which are independent of each other and each complete in itself, some of which are legal and others illegal, and the legal can be separated from the illegal and be upheld without doing injustice or defeating what the testator might in the emergency be presumed to wish, the illegal trust may be cut off and the legal permitted to stand.

A will created a trust of personal property and gave the income thereof to the testator's widow during her life, and upon her death his executors were directed to divide the estate into shares equal to the number of children surviving the decedent, the issue, if living, of a deceased child to count one in such division.

The executors were directed to pay the income of one such portion to the testator's daughter Caroline during her life, and upon her death the principal thereof was directed to be disposed of as a part of such other portions. The income of the second portion was directed to be paid to the testator's daughter Sarah during her life, and upon her death it was directed that the principal thereof be paid to her issue, if any, and if none, that the same should be disposed of as part of such other portions. The income of the third portion was directed to be paid to the testator's son during his life, and upon his death the principal thereof was directed to be paid to his issue, if any, and if none, then the same was directed to be disposed of as a part of such other portions.

The testator left him surviving as his only heirs at law and next of kin, his widow, two daughters, Caroline and Sarah, and one son.

*Held,* that the bequests of the remainders over after the termination of the lives of the testator's children was a violation of the statute, in that the absolute ownership of the estate was suspended for more than two lives in being at the death of the testator;

That the testator created a good and valid trust as to each of the three portions during the life of each of his three children.

MOTION by the defendant, Charles J. Richter, as executor, etc., of James W. Lawrence, for a new trial under section 1001 of the Code of Civil Procedure, on a case containing exceptions, after judgment entered upon the decision of the court in favor of the plaintiffs, after a trial at the New York Special Term on the 11th day of October, 1893.

*L. A. Lockwood,* for the motion.

*G. L. Rives,* guardian *ad litem,* for the infant defendant.

*J. A. Dennison,* for plaintiffs opposed.

VAN BRUNT, P. J.:

This action was brought by the children of James W. Lawrence, deceased, against the executor of the will of James W. Lawrence and Helen G. Lawrence, the infant daughter of the plaintiff James B. Lawrence, for a judgment declaring that the will of said James W. Lawrence is void as unlawfully suspending the absolute ownership of personal property and for an accounting by the executor and distribution of the property amongst the plaintiffs. Judgment having been rendered in favor of the plaintiffs and an interlocutory judgment entered, this motion for a new trial is made under section 1001 of the Code.

The testator died on the 21st of April, 1891, leaving him surviving his widow, two daughters, Caroline married and Sarah unmarried, his son James B., the plaintiff, and his granddaughter Helen, the daughter of his said son. On the 2d of July, 1883, the defendant executed a will which was duly admitted to probate, and letters testamentary issued to the defendant Richter on the 30th of April, 1891. There was also a codicil to said will, bearing date the 3d of August, 1885, which was also probated, but which does not affect the question involved in this action. The testator's widow died on the 29th of August, 1891, the whole estate being personal property.

That portion of the will which is involved in this action reads as follows:

"*Third.* All the remainder of my estate, real and personal, I give to my executors in trust.

"I. That they sell and dispose of the same at private sale or at public auction, at such time or times and upon such terms as they deem advisable, and invest the proceeds thereof and keep the same invested.

"II. That they pay the income thereof to my wife during her natural life, with leave to my executors to pay to her, from time to time, any part or the whole of the said principal, if, in their judgment, the same shall be necessary for her comfortable maintenance and support.

" III. That, upon the decease of my wife, they divide so much of my estate as may then remain into equal portions to the number of children me surviving, the issue, if living, of a deceased child to count one in such division.

" IV. That they pay the income of one such portions to my daughter Caroline Roof during her natural life, and, upon her separate receipt and upon her decease, the principal thereof shall be added to and disposed of as a part of the said other portions.

" V. That they pay the income of one such portions to my daughter Sarah Catherine during her natural life, and, upon her decease, that they pay the principal thereof to her issue, if any; if none, then the same shall be added to and disposed of as a part of the said other portions.

" VI. That they pay the income of one of such portions to my son, James Brewster, during his natural life, and, upon his decease, that they pay the principal thereof to his issue, if any; if none, then the same shall be added to and disposed of as a part of the said other portions.  With leave, however, to my executor to pay from time to time, or at any time, to my said son, the whole or any part of the said portion, if in their judgment they deem such payments to be for the best interest of my son."

It will be seen by an examination of this will that the testator first gives the income of his whole estate to his widow during life, and upon her death his executors are directed to divide his estate into portions equal to the number of children he might leave him surviving, the issue, if living, of a deceased child to count one in such division.  The executors were directed to pay the income of one of such portions to each of his daughters, and the remaining portion of income to his son, the plaintiff, James B. Lawrence. After the bequest to his daughter Caroline, he provides that, upon her decease, the principal thereof shall be added to and disposed of as part of the said other portions, and after the bequest to his daughter Sarah, he provides that, upon her decease, the principal shall go to her issue, if any, and if none, that the same shall be added to and disposed of as a part of the said other portions.  The testator made the same provision in respect to his son, the executors having leave, however, to pay from time to time, or at any time, to his son, the whole or any part of his portion, if in their judgment they should deem such payment to be for the best interest of his son.

There is no question but that the bequest of the remainders over after the termination of the lives of the children was a violation of the statute in that the absolute ownership of the estate was suspended for more than two lives in being at the death of the testator, and it is for this reason that it is contended upon the part of the plaintiffs that the whole bequest is void, and that the estate must be divided as in case of intestacy. This is undoubtedly true if the bequests are so interwoven that they cannot be separated, and the testator cannot be said to have a separate and distinct intention in regard to each. It has become a familiar principle in our law since the decision of the case of *Schettler* v. *Smith* (41 N. Y. 328), that where several trusts are created which are independent of each other, and each complete in itself, some of which are legal and others illegal, and the legal can be separated from the illegal, and upheld without doing injustice, or defeating what the testator might in the emergency be presumed to wish, the illegal trust may be cut off and the legal permitted to stand. This rule was lately enunciated in the case of *Kennedy* v. *Hoy* (105 N. Y. 134), and our attention has been called to no case which in any way conflicts with the rule thus laid down.

In support of the plaintiff's contention this last case is cited as an authority, as also the cases of *Tilden* v. *Green* (130 N. Y. 29) and *Cross* v. *U. S. Trust Co.* (131 id. 330).

An examination of the case of *Kennedy* v. *Hoy* seems to show that it is peculiarly an authority in favor of the proposition that as far as the provision for the first two life estates is concerned, the will was valid; and that only the remainders over were affected by the unlawful attempt to dispose of the same upon the part of the testator.

In the case last cited the will of the testatrix directed a share of her estate to be placed in the hands of her executors as trustees, the income thereof to be applied to the support and maintenance of her son and his family during his life, and after his death the income to be paid to his surviving children until they reached the age of twenty-one, when the principal was to be divided among them share and share alike. In the case of the death of the son without issue, or of all his children dying subsequently to his decease before reaching the age of twenty-one, then the will directed the share to be divided

among her other children. The son survived the testatrix, having a wife and two children, and during the lifetime of the son a judgment creditor filed a bill to reach the trust fund, he claiming the trust to be void for unlawful suspension of the absolute ownership, and that the title to the trust property vested in the son as the heir of his mother. The judgment of the court was that the claim was untenable; that at least the trust for the life of the son was valid; and as this was a separate trust complete in itself, it could stand, although the trust to take effect after his death should be held invalid.

Applying the rule laid down in this case to the facts appearing in the record before us, it would appear that the testator created a good and valid trust as to each of the three portions during the life of each of his three children, the disposition of such portion after the death of each child being the only violation of the statute; and, therefore (precisely as was done in the case of *Kennedy* v. *Hoy*), the court must hold that the intermediate estates were good during the lives of the respective children, the bequests over only being void. In a case like the one at bar the question is not whether the testator intended to exclude this or that person from participating in his estate, but whether there is a clear and well-defined intention that the parties for whom legal provision is made shall have the same independent of the subsequent provision which contravenes the statute. In such a case the legal may be separated from the illegal, and the testator's intention carried into effect so far as the law permits; and it is only when the alternative disposition which contravenes the statute is called into effect that the will becomes inoperative.

The distinction between the case at bar and the case of *Tilden* v. *Green*, above cited, is manifest. In the case at bar the testator intended his children to enjoy the portions assigned to them during their lives, independently of any other consideration. And this he had a lawful right to do. After they were dead, however, he attempted to make a disposition of the portion of each child in a manner which contravened the statute; and it is only this disposition which the court can declare to be void.

In the case of *Tilden* v. *Green* a different question arose. The

difficulty with the will in that case was that the clause of the will which was claimed to be good was so dependent upon the succeeding clause, which was conceded by all parties to be bad, that it could not be said that the testator intended that the clause claimed to be valid should go into effect irrespective of the one succeeding which was admittedly bad.

The case of *Cross* v. *U. S. Trust Co.*, also cited by the plaintiffs in support of their proposition, does not seem to have much application to the case at bar, because that was a will executed by a resident of Rhode Island.

It seems to us that without doing any injustice, or defeating what the testator in the emergency might be presumed to wish, the life estates of the three portions to his children may be sustained, and the remainders over declared illegal. Thus the illegal trusts are cut off and the legal permitted to stand.

We think, therefore, that the learned judge erred in declaring the trust absolutely void, and that the remainders over after the termination of the life estate are all that are in contravention of the statute.

The judgment should be reversed and judgment ordered in accordance with this opinion, with costs to all parties appearing, to be paid out of estate.

FOLLETT, J., concurred.

Judgment reversed and judgment ordered in accordance with opinion, with costs to all parties appearing, to be paid out of estate.