PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.

---

LEWIS ROBERTS, Plaintiff, *v*. EDWARD V. CARY, Defendant.

*Trust under subd. 3 of sec. 55 of title 2 of chap. 1 of pt. 2 of the Revised Statutes — direction in a trust deed to convey — title taken by the trustees — when the remainder vests — power of sale defeated by a conveyance by the beneficiary — when trusts fail.*

Certain real estate was conveyed to trustees, in trust, to collect the rents, income and profits thereof, and, after the payment of the expenses for the care and maintenance of the same, to pay over the balance of said income to the grantor during her life; it was further provided that, upon the death of the grantor, a designated person, if then living, should take the fee thereof, or, if he should die before the grantor, the proceeds of such real estate were to form a fund, the income of which was to be paid on the death of the grantor in equal shares to her six children, the trust as to each share to cease with the death of the child entitled thereto, and the proportionate part of the *corpus* upon the death of each of such children was to pass to the children or next of kin of such deceased child.

*Held*, that a valid trust was created thereby under the provisions of subdivision 3 of section 55 of title 2 of chapter 1 of part 2 of the Revised Statutes.

Where such a trust deed contains a direction that the trustee shall convey the fee of the realty upon the death of the grantor to the person designated as remainderman, the trustee takes the legal estate and retains it so long as the purposes of the trust require such retention, and, when its design is consummated by the death of the grantor, the real estate vests absolutely in the remainderman.

Where a sale is directed in an instrument creating a trust, such sale is not in contravention thereof, nor is it repugnant to the grant or devise contained therein.

Where the beneficiary under the power of sale is also vested as heir or devisee, with the title to the real estate, subject to such power, he may, if competent to convey, before the power has been exercised, convey the real estate, and thus defeat and annul the power of sale.

Trusts only fail absolutely when vice permeates the entire scheme so effectually that no part thereof can be saved or preserved, and not only do courts fre-

quently uphold a disposition of property made contingent upon a certain event while rejecting a void alternative, but in any scheme of trust or executory limitation will uphold every valid provision, unless such a course defeats the clear wishes and intention of the grantor or testator.

The test is whether the upholding of one part and the rejection of another will defeat the presumed wishes of the owner, that is, whether to give effect to the valid part in a given contingency will be inconsistent with his intent; if not, the legal will be separated from the illegal provisions, and the former will be carried into effect.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Henry C. Griffin, William B. Hornblower* and *Charles E. Hughes,* for the plaintiff.

*Yale & Davison,* for the defendant.

DYKMAN, J. :

This is a submission of a controversy without action, and the basal facts, which are all admitted, are as follows : On the 31st day of July, 1894, the plaintiff contracted to sell and convey to the defendant certain land and premises in the town of Greenburgh, Westchester county, known as a part of the Rockwell farm and a part of the Paige farm. A deed in form complying with the contract of sale was tendered to the defendant and rejected by him by reason of an alleged defect in the title to the land.

The facts upon which the contention of the defendant is based are these : Prior to March 21, 1887, Harriet E. Roberts, the wife of the plaintiff, was the owner of the Paige farm, and another tract of land called the Miller farm. She was also entitled to the benefit of certain policies of insurance upon the life of the plaintiff. On that day of March, Harriet E. Roberts, with her husband, the plaintiff, executed and delivered a trust deed purporting to convey the Paige and Miller farms, and to assign the policies of insurance to Albert P. Allinson, George H. Roberts and John H. Hall, trustees, in the following language : " All those certain tracts or parcels of land above mentioned known as the Paige and Miller farms in Westchester county aforesaid, also all the said policies of assurance, and all benefits to me enuring or to enure hereafter upon

the death of the said Lewis Roberts, in trust to collect the rents, income and profits of the said real estate, and after the expenses for care and maintenance of the same are paid, to pay over the balance of said income to the said Harriet E. Roberts during her natural life, and in the event of the death of the said Harriet E. Roberts prior to that of the said Lewis Roberts, then to convey and assign the said land to him in fee, with full power, however, in said trustees at any time when they shall deem it to the advantage of their said trusts so to do, to sell all or any part of said real estate. for cash or on credit and proper deeds and conveyances therefor, to make without liability on the part of the purchaser to look to the application of the purchase money, and the proceeds of such sales to pay to the said Lewis Roberts if he be living at the time of such sale.

* " The proceeds of any sale or sales of real estate to form part and portion of the fund created by the payment of the various policies of insurance above mentioned, which said fund or proceeds shall be invested by the . said trustees in good bonds and mortgages in the State of New York or other States or in the legal trust investments or in productive real estate in the county of Westchester, or the cities of New York, Philadelphia or Chicago, and to collect and pay over the net rents, issues and profits thereof to the said Harriet E. Roberts, wife of Lewis Roberts, during her natural life, and upon her death to collect and pay over the said income, rents, issues and profits in equal shares to her children, Harriet E. Roberts, Anna G. Allinson, Lillie C. Roberts, Burbank Roberts, Lewis Roberts, Jr., and Addison F. Roberts, and upon the death of each of said children to pay over the respective share or shares to which such deceased child or children shall be entitled to the children of such deceased child or children, and in the event of any of my said children dying without leaving any lawful children him or her surviving, then the share of such deceased child to be divided equally among his or her next of kin."

On the same day, and by way of further assurance, the same grantors executed a second deed to the same trustees, relating only to the Paige and Miller farms, which were conveyed in trust for the

---

* There is here an apparent omission from the will, referred to in the opinion on page 335.— [REP.

uses declared by the first indenture. We will consider these deeds as one instrument:

Harriet E. Roberts died intestate on April 1, 1892, leaving the plaintiff, Lewis Roberts, surviving her. On the 16th day of June, 1892, the surviving trustees executed and delivered a conveyance of the Paige and Miller farms to the plaintiff. The trustees made no other conveyance of any part of the trust estate, nor have they in any way exercised the power of sale contained in the deed of trust. The defendant rejected the deed tendered to him by the plaintiff, upon the ground that the fee of the Paige farm did not vest in the plaintiff upon the death of Harriet E. Roberts, and was not conveyed to him by the trust deed above set forth to Allinson and others, and that the trust deed of Lewis Roberts and wife to Edward P. Allinson and others was void, and conveyed no title, and for such reason the title attempted to be conveyed by the deed tendered by the plaintiff was invalid and defective, and not in accordance with the contract. The plaintiff here demands judgment that the defendant be directed to receive the deed tendered to him, and to pay the balance of the purchase price of $58.101.51, and interest from October 23, 1894, upon provisions being made for outstanding incumbrances.

The defendant demands judgment that he be relieved from his contract, and that the sum of $6,500 paid on account thereof to plaintiff be refunded. The question submitted relates to the title of Lewis Roberts to the Paige farm, and the defendant's objection is directed exclusively to the validity of the trust deed executed by Harriet E. Roberts to the trustees in March, 1887.

The general purpose of the trust is easily perceived. Harriet E. Roberts owned the real property, and was also entitled to the avails of insurance policies upon the plaintiff's life. Under the trust deed she was to have the income until death. On her death the plaintiff, if surviving, was to take the realty in fee. If he died before her the proceeds of the realty, with the insurance money, were to form a fund, the income of which was to be paid on the death of Mrs. Roberts in equal shares to her six children, the trust as to each share to cease with the death of the child entitled thereto, when the proportionate part of the *corpus* was to pass to the children or next of kin of such decedent as the case might be. A power of sale

and of investment was given to carry out the purpose of the trust, with the proviso that if the property was sold in his lifetime the proceeds were to be paid to the plaintiff. Lewis Roberts survived his wife. The power of sale had not been exercised, and the surviving trustees conveyed to him pursuant to the direction of the trust deed. The deed established a trust of realty and a trust of personalty, but our concern is with the realty more especially. In respect to that the deed is, " in trust to collect the rents, income and profits of the said real estate, and, after the expenses for care and maintenance of the same are paid, to pay over the balance of said income to the said Harriet E. Roberts during her natural life." That is a valid trust under subdivision 3 of section 55 of the Revised Statutes (1 R. S. 728) respecting uses and trusts. Then follows this : "And in the event of the death of said Harriet E. Roberts prior to that of said Lewis Roberts, then to convey and assign the said land to him in fee." Under that clause Lewis Roberts took or retained a valid vested remainder upon the death of his wife. The trustees took the legal estate and retained it so long as the purposes of the trust required such retention, and when that design was consummated it vested absolutely in Mr. Roberts. (*Nicoll* v. *Walworth*, 4 Den. 388.)

When a testator directed that his residuary estate should be divided into shares, and his executors were given one share in trust for each surviving child during his life, with the direction that upon his death his share should be conveyed to his lawful issue, it was held by the Court of Appeals, " that upon settled rules of construction the issue of any child of the testator living at his death took under the will a vested remainder in the share held in trust for the parent for life, subject to open and let in after-born children and to be divested by their death before the death of the parent." The court further . said : " The direction that the trustees on the death of the parent 'should convey, transfer and pay over and deliver' the parent's share to his or her issue, was inserted to emphasize the right of the remaindermen, and was not the foundation of their title.

" Those entitled under this will as remaindermen took, not because the power of division was given to the trustees, but independently thereof, as primary devisees in remainder under the will.     *     *     * The issue living are presumptively entitled in remainder and

during the life of the parent, they living, have a vested future estate in the parent's share." (*Campbell* v. *Stokes*, 142 N. Y. 23.)

The power to convey to the remaindermen was not essential, but if in any way important it was duly given and duly executed, for the trustees actually did " convey and assign said land to him in fee."

The portion of the deed which invests the trustees with full power, at any time when they shall deem it to the advantage of the trust, to sell all or any part of the real estate for cash or on credit, and proper deeds and conveyances therefor to make, without liability on the part of the purchaser to look to the application of the purchase money, and the proceeds of such sales to pay to the said Lewis Roberts, if he be living at the time of such sale, the proceeds of any sale or sales of real estate to form part and portion of the fund created by the payment of the various policies of insurance above mentioned, which said fund or proceeds shall be invested by the trustees in good bonds, has not been followed, and that power with which the trustees were so invested has not been exercised, and the event has happened upon which the real property was to go absolutely to the plaintiff. In the event of the execution of the power of sale during the lifetime of the plaintiff, it is expressly provided by the instrument that the proceeds were to be paid to him. This provision is valid and is not repugnant to the trust for his wife, for the exercise of the power in his lifetime would simply terminate that trust according to the will of its creator. Such intention is clear, and it is not unlawful. (*Belmont* v. *O'Brien*, 12 N. Y. 394.) In that case it was said, in the opinion of the court, as follows: " Here the owner in fee gave the power by the same instrument that conveyed the estate ; and suppose it had been the absolute power to sell and terminate the present use and appoint the money, it could never have been the intention of the Legislature, not only to frustrate the intention of the grantor, but to make an entirely different conveyance, one giving a larger estate to the present *cestui que* use at the expense, perhaps, of some other intended beneficiary or appointee. Where a sale is directed in the instrument creating the trust, such sale is not in contravention of the trust. Nor is it repugnant to the grant or devise ; for that provides the defeasance, new use, executory limitation or whatever it may be." If, however, notwithstanding these words, it could be

said that the power might be exercised after the death of Mrs. Roberts, her husband surviving, he alone, in such event, would have been the beneficiary of its execution.

It is clear that, if the power was exercised in his lifetime, he was to have the proceeds, and it would not be seriously claimed that in case, the plaintiff survived his wife and took the fee, the power could be exercised after his death for the benefit of the children.

The clear intent was, that the plaintiff was to have the fee after his wife's death, and that the trust, as to the realty, was to end in case he survived. In this event there was no reason why the power of sale should continue, and, if it did continue, he alone was the beneficiary. In such a case a conveyance by Lewis Roberts would annul the power. Where the owner of the fee is also the beneficiary of the power and competent to convey, his grant annuls the power, as he has no longer an interest in its exercise. Thus it was held, in the Court of Appeals, that where two-thirds of an estate were devised to daughters, subject to a power of sale, the proceeds of which were to be paid them when they reached the age of twenty-five years, after they came of age, but before either was twenty-five years old, they conveyed two-thirds by warranty deed, and thereafter the donee of the power attempted a conveyance, that the deed of the daughters conveyed the title and annulled the power, and that the deed of the donee was ineffectual. This was upon the obvious ground that there was no restraint upon alienation by the daughters, and had there been, it would have been inconsistent with the fee which they held. They were at liberty to convey; by their conveyance they ceased to have any interest in the exercise of the power. (*Hetzel* v. *Barber*, 69 N. Y. 1.)

It is a general principle that where the beneficiary under the power is also vested with the title to the real estate as heir or devisee, he may, before the power has been exercised, convey the real estate and thus defeat and annul the power of sale. (*Hetzel* v. *Barber, supra ; Garvey* v. *McDevitt*, 72 N. Y. 556.)

Here the power of sale had not been exercised during the life of Mrs. Roberts.

Lewis Roberts had a vested remainder in fee, and the possibility of its defeasance was cut off by his surviving his wife. To confirm his title he received a conveyance from the trustees. There can be

no plausible claim that the power of sale could be exercised there-after. Beyond doubt, the conveyance of Lewis Roberts, now tendered, would destroy the power, to the benefit of which, if it could be held to exist after the death of Mrs. Roberts, he alone was entitled.

We have not noticed the apparent ellipsis in the trust deed, because we think the scheme of the trust is sufficiently manifested by the language inserted. At the same time it is quite apparent that something has been omitted before the words, " The proceeds of any sale or sales of real estate to form part and portion of the fund created by the payment of the various policies of insurance," where we have placed an asterisk in the extract from the trust deed in the foregoing opinion. The following words at the place would seem to have been omitted: " But if he shall die before the said Harriet E. Roberts and shall not be alive at the time of such sale." We think the intention of the trust deed is not obscured by the ellipsis, because we have the positive statement that the land was to go to the plaintiff in fee if he survived his wife, and the equally clear statement that if the power was exercised during the life of the plaintiff he was to have the proceeds.

If the plaintiff was to have the fee in case of his survival of his wife, and the proceeds in case of a sale in his lifetime, obviously another and alternative disposition of the proceeds arising from a sale of the fee was to be made, only in case that he predeceased his wife, and the power was exercised after his death. Such a construction seems to follow as a matter of course, and it is not opposed by the remainder of the deed.

The foregoing consideration leads us to the conclusion that the trust created by the instrument in relation to the realty was for the life of Mrs. Roberts only, except in the event of its prior termination by the exercise of the power of sale for the benefit of her husband. Upon the death of the wife there was provided an alternative disposition. The land was then to come to the husband, if he survived; if he was dead, the proceeds of the land were to be held upon separate trusts for each of the children of the wife. In the first event the trust terminated with the death of the wife, and in the latter it could not extend beyond two lives in being. There is no difficulty, therefore, in sustaining the trust to that extent. The instrument, therefore, presents an intelligible scheme, and no

valid objection appears against the trust after the life of the wife nor to the provision which vests the fee in the husband if he survives her. It might even be admitted, if necessary, that the power of sale is invalid, the trust in respect to the personalty ineffectual and that the ultimate disposition of the property in the event of the death of the husband prior to the wife is illegal, and yet the vested remainder of the husband would remain unaffected. Trusts only fail absolutely when vice permeates the entire scheme so effectually that no part thereof can be saved and perpetuated.

Not only do courts frequently uphold a disposition of property upon a certain event while rejecting a void alternative, but in any scheme of trust or executory limitation every valid provision will be upheld unless such a course defeats the clear wishes of the grantor or testator. The test is whether the upholding of one part and the rejection of another will defeat the presumed wishes of the owner. That is to say, whether to give effect to the valid part in a given contingency will be inconsistent with his intent. If not, the legal will be separated from the illegal and carried into effect. (*Kennedy* v. *Hoy*, 105 N. Y. 134; *Cross* v. *U. S. T. Co.*, 131 id. 339; *Underwood* v. *Curtis*, 127 id. 523; *Wooodgate* v. *Fleet*, 64 id. 566.)

In the case at bar the primary intention of the creator of the trust was that Lewis Roberts was to have the absolute fee if he survived his wife. Any other disposition of the real estate was simply in the alternative of his death before that of his wife. The ulterior disposition may be disregarded, and the power of sale ignored without in any way interfering with the wishes of Mrs. Roberts, for in the event that her husband survived her, she had but one wish, and that was that he was to take the property.

We thus find the title of the plaintiff free from reasonable doubt. There is no dispute about the facts, and the validity of the title tendered depends upon a question of law. That question will be retired by the decision of the court which will constitute an effectual bar to any future objection thereto.

The plaintiff is entitled to judgment directing the defendant to receive the deed of conveyance tendered to him by the plaintiff in pursuance of the contract, and pay the balance of the consideration, $58,101.51, and interest thereon from October 23, 1894, upon pay-

ment of the several mortgages outstanding upon the property as mentioned in the submission.

The plaintiff is entitled to the costs of this action.

PRATT, J., concurred.

BROWN, P. J.:

I concur on the ground that the primary intention of the creator of the trust was, that Lewis Roberts was to have the fee if he survived his wife.