(17 Misc. Rep. 428.)

FINCH v. WILKES et al.

(Supreme Court, Special Term, Albany County. June, 1896.)

1. WILLS—SUSPENDING POWER OF ALIENATION.
    A devise in trust for the benefit of testator's brother and sister during their lives, and after their death to be held by the trustees for the benefit of testator's grandchildren until the youngest should become 25 years old, suspends the power of alienation longer than two lives.

2. SAME—CREATION OF TRUST.
    Testator devised real estate in trust for the benefit of her brother and sister for life, and directed the residue of her estate, after the death of the brother, to be held in trust for testator's grandchildren. By a codicil, testator directed that the residue of her property not otherwise disposed of should be applied to the use of her brother and sister. *Held*, that the will and codicil created the same trust in the personal property as in the real property.

3. SAME—PARTIAL FAILURE OF TRUST.
    A trust for the benefit of a life tenant is not affected by the invalidity of a trust in the same property for the benefit of the remainder-men, where the two trusts are entirely separate.

4. SAME—APPLYING CORPUS OF ESTATE TO USE OF LIFE TENANT.
    Testator devised her real and personal estate in trust for the benefit of her brother and sister, and directed the trustees to use the residue to pay taxes, insurance, etc., "and otherwise make use of for the individual use of" testator's brother and sister. *Held*, that the trustees were not limited to the use of the income of the personalty for the benefit of the brother and sister.

Action by Sylvanus Finch, as executor, against Elizabeth P. Wilkes and others, to obtain a judicial construction of the will of Ruth P. Haynes, deceased.

Mead, Hatt & Palmer, for plaintiff.
Pratt & Logan, for defendant Wilkes.
S. J. Hull, for defendants Smith.
Dyer & Ten Eyck, for defendants Palmer.
John T. McDonough, guardian ad litem, for defendant De Pew.

CHESTER, J. The plaintiff has brought this action to procure a judicial construction of the will and codicil of Ruth P. Haynes. The will was dated October 25, 1878, and the codicil April 27, 1879. They were admitted to probate June 6, 1879. The will first contains a bequest of all household furniture and property that may be in the residence of the testatrix at the time of her death to her brother Ira W. Palmer and to her sister Elizabeth P. Wilkes, and then contains the following provision:

"Item 2d. I give and bequeath to my brother Ira W. Palmer and to my sister Elizabeth P. Wilkes the use and occupation of my house, No. 46 Chapel street, or the income derived from its sale if my executors shall decide to

sell the same, and to invest the proceeds so as to produce an income of interest, or the use and occupation of another house, if they shall decide to invest the money, during their natural lives; and, in the event of the death of either, then the survivor shall be entitled to the use of the same during his or her natural life. The rest and residue of my estate, after the death of my brother Ira and sister Elizabeth, I direct shall be held by my hereinafter-named executors, or the survivor, and their successors, for the sole benefit of my two grandchildren, Almira M. and Loren V. Smith, until Loren arrives at the age of 25 years, at which period I devise it to them or the survivor absolutely. In case both should die before arriving at the age of 25, then I direct the property to be equally divided, one share to be delivered to the heirs at law of my brother Asa, and the other to the heirs of my brother Ira W. Palmer. I hereby constitute and appoint Ira W. Palmer and my sister Elizabeth P. Wilkes, of Albany, New York, and Sylvanus Finch, of New Brunswick, in the state of New Jersey, my executors and trustees of this my last will and testament, with full powers to sell and convey and invest the proceeds of the estate at their discretion."

The codicil contains a direction to the executors to pay funeral expenses, and also contains bequests of specific articles to each of her two grandchildren, and then concludes with the following provision:

"Fourth. I further will or leave in the hands of my heretofore-named executors, Elizabeth P. Wilkes and Sylvanus Finch, the residue of my property not otherwise disposed of in my foregoing will, to dispose of as I hereby direct, to pay the taxes on the house and lot they are to have the use of, and to make such repairs as they think necessary, and pay insurance, and to otherwise make use of for the individual use of my sister Elizabeth P. Wilkes and my brother Ira W. Palmer.

The testatrix died May 12, 1879. The plaintiff alone of those named as executors in her will qualified as such. The brothers Asa and Ira W. Palmer and the sister Elizabeth P. Wilkes named in the will each survived the testatrix, but the two brothers died before the commencement of this action. The grandchildren of the testatrix, Almira M. and Loren V. Smith, are her only heirs at law and next of kin. The former has arrived at the age of 25; the latter will not be 25 until November, 1897. The only estate of the testatrix at the time of her death was the house, No. 46 Chapel street, Albany, mentioned in the will, and a small amount of personal property. The executor has not exercised the power of sale given to him in the will; so there is no question to be determined with reference to the clause permitting a reinvestment of the proceeds of a sale.

It appears by the will that the testatrix, after making a specific bequest of some personal property, created a life estate for the lives of her brother and sister in her house, No. 46 Chapel street. She then directs that the rest and residue of her estate, after the death of her brother and sister, shall be held by her executors for the sole benefit of her two grandchildren, Almira M. and Loren V. Smith, until Loren arrives at the age of 25 years, at which period she devises it to them or the survivor absolutely. It is claimed that this is an unlawful suspension of the power of alienation. By the Revised Statutes, future estates in lands which suspend the absolute power of alienation beyond two lives in being and a minority, and future interests in personal property which suspend such alienation for more than two lives in being, are void. 1 Rev. St.

p. 723, §§ 15, 16, as to real property; Id. p. 773, § 1, as to personal property; Manice v. Manice, 43 N. Y. 303, 382. The duration of the suspension must be measured by existing lives, and not by a fixed period. The statute is plain in this respect, and the cases are uniform in so holding. So far as the house is concerned, the provision to hold it for the benefit of the grandchildren until Loren arrives at the age of 25 years (being for a fixed period added to the trust for the benefit of the brother and sister during their lives) is repugnant to the statute against perpetuities, and cannot stand. I think the same is true of the personal estate that enters into the residue, for the reason that the language used by the testatrix in the will and the codicil makes it clear that she intended to create a trust in her personal, as well as in her real, estate, during the lives of her brother and sister. She directs in the will that the residue, after the death of her brother and sister, shall be held by her executors for the benefit of her two grandchildren, as above stated; and in the codicil she leaves in the hands of her executors the residue of her property not otherwise disposed of by her will, to pay taxes on the house and lot, and to pay for repairs and insurance, "and to otherwise make use of for the individual use of" her brother and sister. It is probable that the omission by the testatrix in her will to make any bequest of the use of her personal estate to her brother and sister for life, except by implication, was the reason for the provision in the codicil above referred to. When the will and codicil are considered together, the intent of the testatrix to also create a trust in her personal estate for the benefit of her brother and sister is apparent. If this construction is correct, the trust to hold the personal property as well as that to hold the house until Loren (the youngest of her two grandchildren) arrives at the age of 25 years must fail also.

While this conclusion results in defeating the provision of the will that the executors shall hold the residue until the youngest of the two grandchildren of the testatrix arrives at the age of 25, it happens in this case that it will not materially interfere with her desires as expressed in the will, for the reason that her sole heirs at law and next of kin are the two grandchildren in question, and it is not of much moment whether the latter take the estate under the provisions of the will, or as heirs at law and next of kin. The trust for the benefit of the life tenants is entirely separate and distinct from that attempted to be created for the benefit of the grandchildren, and, while the latter falls, it does not stand in the way of the execution of the former. Kennedy v. Hoy, 105 N. Y. 134, 11 N. E. 390; Underwood v. Curtis, 127 N. Y. 542, 28 N. E. 585; Brown v. Richter, 76 Hun, 469, 27 N. Y. Supp. 1094. It is difficult to determine from the language employed whether or not the testatrix intended to give to her brother and sister anything more than a life estate in the personal property, but a careful study of the will and codicil leads to the conclusion that it was her intention not to limit the trustee to expending only the income of the personal property for the benefit of the life tenants. In the codicil, which I think was made because of the failure in the will to expressly

dispose of the income of the personal estate, the testatrix places in the hands of her executors the residue of her property not otherwise disposed of in her will. She then authorizes them to pay the taxes on her house and lot, to make such repairs as they think necessary, and to pay insurance. There is nothing limiting the amount of these expenditures by the amount of the income. She also authorizes the executors "to otherwise make use of [this residue] for the individual use of" her sister and brother. The brother is dead; the sister survives. I think the intent is to give the executors a discretion as to what amount they shall devote to the individual or personal use of the surviving sister, as well as to what amount they shall expend in repairs, which is not limited by the amount of the income. I think that the heirs of Ira and Asa Palmer, the brothers of testatrix mentioned in the will, have at the present time no interest, and never can have, in the estate, for the reason that one of the grandchildren is now over 25, and it was only in case both grandchildren should die before arriving at the age of 25 that the property was to be divided equally, and one share given to the heirs of each brother. Notwithstanding this, these heirs were proper defendants in this action, that they might be heard, if they desired, upon the proper construction of this portion of the will which affects their interests. It follows that the grandchildren, Almira M. and Loren V. Smith, have vested remainders as the sole heirs at law of Mrs. Haynes in the house and lot, and are entitled to possession thereof in fee upon the expiration of the life estate therein of the surviving sister, Mrs. Wilkes, and that they are entitled at her death, as next of kin of Mrs. Haynes, to what remains unexpended of the personal property in the hands of the executor or trustee after paying the expenses of the trust; and of course, in case the executor should exercise the power of sale of the real estate, Mrs. Wilkes and the grandchildren would, respectively, have the same interests in the proceeds, or in anything the proceeds should be invested in, which they now have in the house and lot. The decree will be settled on two days' notice, and at the time of settlement the question of costs will be considered.

Ordered accordingly.