(21 Misc. Rep. 755.)

### BROWN v. RICHTER et al.

(Supreme Court, Special Term, New York County. June, 1897.)

WILLS—CONSTRUCTION—DESCENT AND DISTRIBUTION.

    An estate was bequeathed to an executor in trust first to pay the income to testator's widow during her life, and on her decease the income of one-third of the estate to a daughter during her life, the principal, on her death, to be added to the portions of the other children. The last limitation was adjudged invalid. On the daughter's death, her husband as such, and as administrator, sued for the principal fund, contending that it had descended to the daughter as next of kin of testator. *Held*, that testator did not die intestate as to the fund, but the will made a valid disposition of it for the daughter's life, and the trustee was not devested of the property until the daughter's death, so that the fund then passed to the next of kin of testator who were then living, and plaintiff was hence entitled to nothing.

Action by John Dickman Brown, individually and as administrator of his wife's estate, against Charles J. Richter, as executor, and others, to recover his wife's share of her father's estate. Judgment for defendants.

William E. Hills (Frank M. Hardenbrook, of counsel), for plaintiff.

Redfield & Redfield (Robert L. Redfield, of counsel), for infant defendant.

Lockwood & Hill (L. A. Lockwood, of counsel), for defendant executor.

L. Vincent Lockwood, for defendants James B. and Sarah C. Lawrence.

PRYOR, J. By the will of James W. Lawrence, his entire estate, consisting exclusively of personal property, was bequeathed to his executor, in trust—First, to pay the income to his widow during her life; and, secondly, on her decease, among other dispositions, to pay the income of one-third portion to plaintiff's intestate during her life, "upon her separate receipt,"—the principal, on her death, to be added to the portions of the other children. This last limitation has been adjudged to be invalid. The testator died 21st April, 1891, leaving a widow and three children, of whom plaintiff's intestate was one. Plaintiff's intestate died on the 8th of February, 1897, leaving no descendant. Upon the postulate that the fund in question was not disposed of by the testator, the plaintiff sues for it as husband and administrator of the daughter, to whom, as next of kin, it is supposed to have descended.

The general rule is undoubtedly, as plaintiff contends, that in a bequest to next of kin prima facie they are meant who are such at the death of the testator; but that this presumption may be repelled is equally established by authority. 2 Jarm. Wills (5th Am. Ed.) 129 et seq. Here, however, is no bequest of the fund to plaintiff's intestate, and the question is whether, by operation of law, she succeeds to it on the death of the testator, her father. The fallacy of the plaintiff's argument consists in the assumption that James W. Lawrence died intestate as to the fund. The direct contrary was adjudged by the general term and the court of appeals in deciding that the will made a valid disposition of the fund for the life of plaintiff's intestate. Brown v. Richter, 76 Hun, 469, 27 N. Y. Supp. 1094; Id., 144 N. Y. 706, 39 N. E. 856. During that period the ownership of the fund was in the trustee, and he was not devested of the property until the death of his cestui que trust. Gilman v. Reddington, 24 N. Y. 9, 15; Amory v. Lord, 9 N. Y. 403, 411; Knox v. Jones, 47 N. Y. 389, 396; Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585; Van Schuyver v. Mulford, 59 N. Y. 426, 431, 432; Kennedy v. Hoy, 105 N. Y. 134, 138, 11 N. E. 390. The title to the fund being in the trustee on the death of the ancestor, it did not and could not pass to his then next of kin (cases supra), and, when liberated from the trust, so as to devolve by act of law, plaintiff's intestate was deceased. It is a legal solecism to affirm that plaintiff's intestate had title to the income of the fund by virtue of her father's will, and at the same time had title to the principal of the fund by virtue of her father's intestacy. But, unless she had title to the principal coincidently with her right to the income,— that is, during her life,—it could not descend on her death to her administrator or next of kin. It is familiar law that the title of an administrator is derived wholly from the grant of letters of administration, and becomes vested only from the time of such grant. True, it relates back to the death of the intestate, but meanwhile the legal right to the intestate's property is in suspense. Hence "it is clear that in no case, nor under any circumstances, can any one, as next of kin of the intestate, make title to or obtain possession of his distributive share but through and from the administrator." Bland, Ch., in Hagthorp v. Hook, 1 Gill & J. 276, 277; Damouth

v. Klock, 29 Mich. 295; Miller v. Clark, 56 Mich. 342, 23 N. W. 35, 100 Am. Dec. 152, note. It results that, before plaintiff's title as husband and administrator was consummate, it was anticipated and intercepted by the succession of James W. Lawrence's next of kin. Plaintiff's intestate had no interest to which he can succeed either as husband or administrator. Robins v. McClure, 100 N. Y. 328, 3 N. E. 663. This conclusion is reached the more readily since it is in furtherance of the obvious and indisputable intention of the testator. Beyond all controversy, his purpose was that plaintiff's intestate should have no interest in his estate besides the income for life of the one-third portion.

Complaint dismissed on the merits, with costs.