(27 Misc. Rep. 99.)

### DENNISON v. LAWRENCE.

(Supreme Court, Trial Term, New York County. April, 1899.)

ATTORNEY AND CLIENT—CONTRACT FOR COMPENSATION.

    Under a contract authorizing an attorney to test the validity of a will, and fixing his compensation, and providing that, if unsuccessful, he shall receive no compensation, he must establish the invalidity of the entire will; and where he fails, except as to certain cross remainders, and the defendant receives no present property or right of property under the decision, the attorney is not entitled to compensation.

Action by James A. Dennison against James B. Lawrence to recover for professional services. Judgment for defendant.

Jas. A. Dennison, in pro. per.
Lockwood & Hill, for defendant.

McADAM, J. The plaintiff was retained as an attorney to test the validity of the will of James W. Lawrence, under a special con-

tract, by which he was to have $1,000 from the defendant, if he suc-
ceeded.   This meant that if he established the invalidity of the entire
will, so far as it assumed to dispose of the testator's estate, and pre-
vent its descent as in case of intestacy, he would earn his fee; other-
wise, not.   The theory of the complaint, drawn by the plaintiff under
his contract, shows this purpose; for he claimed that the entire will
was invalid, and that the executor was bound to account, as in case
of intestacy, for the property in his hands.   The plaintiff's contract
required the judicial establishment of a present property right in
the heirs, the breaking up of the trust barrier, and a present duty of
the executor to distribute the body of the estate as if there had been
no will; and in this he failed, for the court held that a valid trust
had been created during the lifetime of each of the testator's three
children, and that the remainders over were alone illegal.   Brown
v. Richter, 76 Hun, 469, 27 N. Y. Supp. 1094, affirmed 144 N. Y.
706, 39 N. E. 856.   The subsequent death of Mrs. Brown, one of the
heirs, and the result of the suit brought by her administrator against
the executor (25 App. Div. 239, 49 N. Y. Supp. 368), do not enlarge the
scope of the contract made, nor aid the plaintiff in any manner.   Upon
the entire case, there must be judgment for the defendant.

Judgment for defendant.