(28 Misc. Rep. 751.)

SACHS v. WALSH.

(Supreme Court, Special Term, New York County. August, 1899.)

FRAUDULENT CONVEYANCE—TRUST PROPERTY—JUDGMENT LIENS—SUBSEQUENT CREDITORS.

A father conveyed certain property to his son without consideration. Subsequently the son gave the father a power of attorney to convey the property, in trust, to provide for his maintenance and support, after which the father so conveyed. The grantee executed an agreement in which he declared that he held the property in trust for the father, his heirs, administrators, and assigns. It did not appear that the father was insolvent at the time of the conveyance to the son. *Held*, on the death of the father, that judgment creditors, who became such after the conveyance from the father to the son, were not entitled to the surplus remaining after satisfying the claim for the father's support, but that the trust became passive, and the legal title reverted to the son.

Action by Catharine Sachs against William Walsh. Exceptions to a report of a referee. Overruled, and report confirmed.

J. Wilson Bryant, for the motion.
Edward M. Scudder, for claimant Boch.
John C. Shaw, for claimants Wilson & O'Grady.
James Kearney, for claimant Marren.

McADAM, J. In a dispute which arose between William A. Wilson and William S. Wilson (the latter being a son of the former and a claimant herein) concerning real property, William S. Wilson gave to his father, February 11, 1897, a power of attorney of the widest scope, and irrevocable by its terms. The father conveyed the property, March 1, 1897, to the claimant Nicholas Boch, and about the same time the latter executed and delivered to the former an agreement in which Boch declares that he holds the property so conveyed to him in trust for William A. Wilson, his heirs, administrators, and assigns, for the proper support and maintenance of said William A. Wilson; that he will pay the rents and profits of said property to the cestui que trust; and upon the request and demand of the cestui que trust, and his heirs, executors, administrators, and assigns, he will convey and assure to him, his heirs and assigns, etc., warranting against all claiming under said Boch. The property was unimproved, and no income was derived from it. The trustee paid interest on the mortgage covering the property, and taxes, and also boarded the cestui que trust for five dollars a week. The claimant William S. Wilson testified that the purpose of the power of attorney which he gave to his father was that the latter should have sup-

port and maintenance during his life, so that whatever claim William S. Wilson has against the fund is subject to Boch's claim for reimbursement.  It appears that in 1887 the property in question belonged to the father, William S. Wilson, but that in July of that year he parted with the title.  His judgment creditors, the first of whose judgments were obtained and docketed in 1890, claim the surplus. As their judgments were obtained after he had conveyed the fee, they never became an actual lien on the land.    And, assuming that there was no consideration for the conveyance of the property by the father, it does not appear that he was then insolvent, so that in the hands of his grantees the property was never charged with the lien of the judgments.   Bank v. Hamilton (Sup.) 27 N. Y. Supp. 1029, affirmed in 149 N. Y. 587, 44 N. E. 1124; Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105.   On the death of William A. Wilson, the trust became passive, and the legal title reverted to William S. Wilson. Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4; Roberts v. Cary, 84 Hun, 328, 32 N. Y. Supp. 563; In re Tienken, 131 N. Y. 391, 30 N. E. 109. William A. Wilson had at the time of his death merely an equitable estate in the property, which was determined by his death, and did not go to his heirs.

Exceptions overruled, and the referee's report confirmed.