(25 App. Div. 239.)

BROWN v. RICHTER et al.

(Supreme Court, Appellate Division, First Department.   January 21, 1898.)

1. WILLS—CONSTRUCTION—TRUST IN PERSONALTY.
 Where a will creates a trust in personal property for the use of a beneficiary for life, with no indication of intent as to the ultimate disposition of the fund itself, the ownership thereof in reversion passes under the statute of distribution to the testator's next of kin at his death, even though the sole next of kin is the life beneficiary.   In that case, upon the latter's death, his representative takes the principal in his right.

2. EXPRESS TRUST—ESTATE OF TRUSTEE.
 The principle that the trustee of an express trust of real property takes only such an estate as is requisite to enable him to carry out the terms of his trust (1 Rev. St. p. 729, §§ 60, 62, now Real Prop. Law, §§ 80, 82), applies also, by analogy, to express trusts of personal property.

3. SAME—NATURE OF TRUSTEE'S ESTATE.
 The mere fact that the trustee of a testamentary trust, to receive and apply the income of personal property to the use of a beneficiary for life, is also empowered to apply so much of the principal as may be necessary for the beneficiary's comfortable support, does not involve the vesting of the whole ownership of the capital in the trustee, but is consistent with the vesting, in the testator's next of kin, of an expectant interest in the reversion, subject to the power in the trustee.

Appeal from special term.

Action by John D. Brown against Charles H. Richter, executor of the estate of James W. Lawrence and others.   Judgment for defendants.   48 N. Y. Supp. 137.   Plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

F. M. Hardenbrook, for appellant.
L. A. Lockwood, R. L. Redfield, and L. V. Lockwood, for respondents.

PATTERSON, J.   The plaintiff in this action was the husband of Caroline L. Brown, a daughter of James W. Lawrence.   Mrs. Brown died intestate, on the 8th of February, 1897, and without children.   Sarah C. Lawrence, a sister, and James B. Lawrence, a brother, survived her.   James W. Lawrence died on the 21st of April, 1891, leaving a widow and three children, above named.   His widow died on the 29th of August, 1891.   He left a last will and testament, by the terms of which he gave to his executors all the remainder of his estate in trust, to sell and dispose of the same, and invest the proceeds and keep the same invested; to pay over the income to his wife during her life, "with leave to my executors to pay her from time to time any part or the whole of the said principal, if in their judgment the same shall be necessary for her comfortable maintenance and support." The executors were then directed, upon the decease of the testator's wife, to divide so much of the estate as might then remain into as many equal portions as there were children surviving the testator, and to pay over the income of one of such portions to his daughter Caroline (Mrs. Brown) during her life, "and, upon her decease, the principal thereof shall be added to and disposed of as a part of the other portions."   The executors were directed then to pay over the income of another portion to the testator's daughter Sarah during her

life, and upon her decease to pay the principal to her issue, if any; if none, then the same to be added to and disposed of as part of the other portions. They were then directed to make a similar disposition with reference to the third portion, to be held for the son, with leave, however, to the executors to pay to him, from time to time, the whole or any part of such portion, as they might deem best for the interest of such son. Interpretation of the will of James W. Lawrence was made by the supreme court and the court of appeals in a suit brought by Mrs. Brown and her brother and sister (Brown v. Richter, 76 Hun, 469, 27 N. Y. Supp. 1094; Id., 144 N. Y. 706, 39 N. E. 856), and it was held that the absolute ownership of personal property was unlawfully suspended by those provisions of the will which carried over, in certain contingencies, one share in augmentation of the others; but it was also held that the void provisions might be cut off, and the valid ones be made effectual. As a result, the will was, in substance, recast, so that it was made to read, and to stand and be executed, as if originally written "that they [executors] pay the income of one of such portions to my daughter Caroline during her natural life and upon her separate receipt"; that they pay the income of one of such portions to the daughter Sarah during her natural life, and upon her decease that they pay the principal thereof to her issue, if any; that they pay the income of one of such portions to the son, James Brewster, during his natural life, and upon his decease that they pay the principal thereof to his issue, if any, etc. The entire estate of the testator consisted of personal property. It is now claimed by the plaintiff (who was appointed administrator of his wife's estate) that James W. Lawrence died intestate as to the remainder or reversion in the one-third in which a life interest was given to Caroline; that, by reason of such intestacy, the ultimate ownership of the third was devolved, by the statute, upon the next of kin in being at the death of James W. Lawrence; that such next of kin were his three children; and that he (the plaintiff) has succeeded to the interest of his wife, Caroline, in one-ninth of the estate, and that he is entitled to that amount from the executors. That contention of the plaintiff was rejected by the court below, and it was there held that Mrs. Brown took no interest, as next of kin, in the one-third of the personal property of her father in which she was given, under the will, the life interest, but that that one-third passed to her brother and sister, the defendants herein. The general ground upon which that decision of the court below was based is that it is apparent that Caroline Brown was excluded from participation, and that the next of kin, who were entitled to the third referred to, were to be ascertained at the death of Caroline Brown, and not at the death of the testator, James W. Lawrence.

We cannot agree with the court below in that conclusion. It cannot be sustained on the theory that one entitled to the income of a fund must be excluded in ascertaining the next of kin entitled to the ultimate ownership of a share in or of the whole of that fund, where there is no disposition over of the fund itself after the expiration of the life interest. There are many cases in which for the want or on failure of gifts over the reversionary interest which would pass

to the next of kin under the statute passes to the representatives of the recipient of the income or the person entitled for life. Where there is no disposition over, the statute fixes the ownership. We had occasion to consider that subject fully in the case of Simonson v. Waller, 9 App. Div. 503, 41 N. Y. Supp. 662. That was a decision relating to a foreign will, but the same reasoning and the same rule of law applies here. Where no intention can be gathered to the contrary from the will, even where the life tenant is the only person answering the description of next of kin, the representative of that life tenant may take the whole fund on the expiration of the particular estate, and so take in the right of the person who was that life tenant, as next of kin. It is said, however, that it conclusively appears by the terms of the will that it was the intention of the testator that his daughter Caroline should not, under any circumstances, take any other interest in his estate than that for life, given by the fourth clause of the will. It is undoubtedly the law that in some cases, in order to ascertain the intent of the testator, void provisions of a will may be considered, and to that extent be given effect to, in connection with the valid ones. Such was Van Kleeck v. Dutch Church, 20 Wend. 457, and Van Cortlandt v. Kip, 1 Hill, 591; but those were cases in which all the provisions of the will were searched in order to ascertain whether it was the intention that the reversion should pass, under the will itself, to a residuary devisee. There the residuary devisee was excluded because, by the terms of the void provisions, it was obvious that the testator intended that such residuary devisee should not take; but in this case no intention can be inferred, from anything contained in the will, that the testator contemplated or intended that, in case of partial intestacy, his daughter Caroline should take nothing but a life interest in the third. Or, to put it differently, no intention can be inferred that would defeat the operation of the statute, which devolves the ownership upon the next of kin, in default of the testator having declared or intimated where that ownership should ultimately rest. But it is further claimed, and the decision of the learned judge below was based principally upon that position, that the interposition of a trust title and interest carried with it the whole ownership to the trustees, and that that title was not devested until the death of the cestui que trust. We cannot assent to that proposition. The trustees did not take the whole ownership of the fund. If for the purposes of the trust, and in order to effectuate the valid purposes of that trust, a less estate than the whole were required to vest in the trustees, the mere fact of the existence of the trust would not have prevented the expectant interest in the reversion of a part of the fund inhering in Caroline Brown as one of the next of kin. It has come to be the well-settled rule in this state that trusts of personal property are to be assimilated, as near as may be, to the provisions of law respecting trusts under the statute of uses. In Cook v. Lowry, 95 N. Y. 111, it is said that the decision in that case was supported "by the rule of construction declared in several cases, that, in interpreting the provisions of the Revised Statutes, the rules governing estates or interests in land should, as far as practicable, be applied to like estates or interests

in personal property. Where there is no reason for a distinction in the nature of the property, there is certainly great propriety in assimilating the rules governing dispositions of real and personal estate. Acting upon this principle, the statutory rule, rendering the interest of a beneficiary in a trust for the receipt of rents and profits inalienable, has by analogy been applied to trusts of personal property. Graff v. Bonnett, 31 N. Y. 9. So, also, the rule subjecting the surplus rents and profits of land held in trust to the claims of creditors. Williams v. Thorn, 70 N. Y. 270. In like manner, the provisions in the article regulating powers over real property have, by analogy, been applied to powers relating to personal property. Cutting v. Cutting, 86 N. Y. 523; Hutton v. Benkard, 92 N. Y. 295." So, with reference to the title of trustees of personal property, the provisions of the statute of uses will be made applicable. By that statute, it is provided in the sixtieth section that "every express trust, valid as such in its creation, except as herein otherwise provided, shall vest the whole estate in the trustees in law and equity, subject only to the execution of the trust." The exceptions referred to in that section are contained in the two following; and by the sixty-second section it is provided that, where an express trust is created, every estate and interest not embraced in the trust, and not otherwise disposed of, shall remain in or revert to the person creating the trust or his heirs, as a legal estate. There are expectant estates or interests in personal property as well as in real estate, and the statute of accumulations, by its second section, subjects such expectant estates to the government of the rules prescribed with reference to such estates in land. It will thus be seen that the trustees took only that estate which is necessary for the purposes of the trust, and other estates or interests remained or reverted, as provided in the sixty-second section. The test in every case must be, what estate is required in order to enable the trustee to carry out the terms of his trust? What estate or interest is embraced in the trust, in order that it may be fully executed? What estate or quantity of interest, therefore, was it necessary for these trustees to have in order to carry out the valid provisions of the will of James W. Lawrence? Evidently not the whole ownership of the fund. The provision made for the benefit of the widow of the testator was for the income, with a simple right to appropriate so much in excess thereof as might be deemed necessary for her comfortable maintenance and support. That did not vest the whole ownership of the capital of the fund in the trustees, but only to so much of it as they might, in their discretion, use for that purpose. They could call upon that capital, if it became necessary, and to the extent to which they thus called upon it reduce the amount. That was a mere power to apply, if the necessity arose, and nothing more. It was not like a power of sale of the whole of a fee, and until such power was exercised the resultant ownership of the next of kin remained undisturbed. We think, therefore, that the decision of the court below was erroneous; that the representative of Caroline Brown was entitled to the one-ninth of the personalty; and that the judgment appealed from should be reversed, and that judgment should be directed in favor of the plaintiff, as prayed for

in the complaint, the amount, however, being limited to one-ninth, and not one-third, of such personalty, and such amount to be ascertained by an accounting, with costs to the plaintiff as against the defendants James B. Lawrence and Sarah C. Lawrence, with costs to the executors payable out of the estate, the taxable costs of the guardian ad litem to be paid out of the portion of the estate now awarded to the plaintiff. All concur.