(Surrogate's Court, New York County.    September, 1898.)

**WILLS — CONSTRUCTION — DESCENT AND DISTRIBUTION — PREDECEASED CHILD—NEXT OF KIN.**

A testator directed that his estate, on the death of his wife, be divided among his children, to whose use, during their lives, his trustee should apply the income, and on the death of either pay its share to its issue; that in default of issue the share of such child should revert to testator's heirs or next of kin, whom he defined to be such persons as should be his heirs or next of kin at his death, as if he died intestate. *Held*, that the heirs and legal representatives of a predeceased child should, as well as testator's living children, share in the estate, held in trust, of a child dying without issue, and in that in which it was a life beneficiary.

Proceeding on the judicial settlement of the account of John H. Rhoades and others, as trustees of Benjamin F. Wheelwright, deceased.

Joseph H. Gray, for trustees.
Owen & Sturges, for F. I. Goffe and Frances A. Butterfield.
Edward W. Sheldon, for Cornelia Harsen Rhoades and others.
John B. Pine, for Elizabeth G. Wheelwright.

FITZGERALD, S.    As incident to the judicial settlement of the accounts of the trustees in this proceeding, and to enable them to distribute to the proper parties the capital of the share of his

estate which the testator gave in trust for the benefit of his son Benjamin, who has recently died without leaving issue, a determination as to the intention of the testator in respect to the disposition to be made of such capital has become necessary. After making divers bequests, and directing the income of his estate, exclusive of a certain house devised to his wife for life, to be applied for the benefit of his wife and children in certain proportions during the life of the former, he required, upon her death, that his estate (in which I include, for convenience of treatment of the question under consideration, the parcels of property which the supreme court adjudged should be held in trust for the beneficiaries thereof) should be divided into five parts, corresponding to the number of his children, and directed his trustees to apply the income thereof in equal shares for the use of his children during their respective lives, and upon the death of any of them to pay to the issue of the child so dying the part or share held in trust for such child. The testator further provided that, in default of issue, the share of such child should revert to the testator's heirs and next of kin; and he declared that, where property is directed in certain cases to revert to his next of kin or heirs, he meant such persons as should be heirs or next of kin at the time of his death, as if he had died intestate. It is claimed on the part of the surviving children of the testator that by this reference to his heirs and next of kin he intended to confine the right to share in the portion of the estate held in trust for a child dying without issue to such of testator's children as should be living at the time of the death of such child, and to preclude the heirs and legal representatives of a predeceased child or children of the testator from sharing in such portion. In other words, it is insisted that the testator contemplated that only such of the persons answering to the description of his heirs and next of kin at the time of his decease, as should be living at the death of a child without leaving issue, should share in the part of the estate held in trust for such child. I cannot concur in this view, as it attaches a meaning to the language used by the testator which, in any fair and reasonable point of view, it is not, in my judgment, capable of bearing. That language expresses clearly and succinctly what I take to be the testator's evident intention, and I am inclined to think that it would involve no little effort to choose terms that would indicate such intention more aptly and plainly and with greater brevity. That intention certainly was that, in the event of the death of any of testator's children without leaving issue, the heirs and legal representatives of a child who had previously died should, as well as testator's living children, share in the capital of the estate given in trust for the benefit of the child who had died without leaving issue. The effect, so far as the heirs and legal representatives of the predeceased child are concerned, is the same as if there was no disposition over of the share of the child who had died without issue. In such case the succession to the share by such heirs and representatives would be precisely as I have indicated. Brown v. Richter, 25 App. Div. 239, 49 N. Y. Supp. 368; Van Nostrand v. Marvin, 16 App. Div.

33, 44 N. Y. Supp. 679; Clark v. Cammann, 14 App. Div. 133, 43 N. Y. Supp. 575. And it was probably as a precautionary measure, designed to guard against the possibility of a doubt upon the subject, as well as to avoid the contention hereinafter referred to, that the language in question was used. It is also contended that the heirs and legal representatives of the deceased son are not entitled to any part of the share of which he was the life beneficiary. This contention, after a careful consideration of the matter, I have concluded to be untenable, and I hold that they are entitled to a portion of such share, and this solely by reason of their being the heirs and representatives of such deceased son. Holloway v. Holloway, 5 Ves. 399; Pearce v. Vincent, Cromp. & M. 598; Seifferth v. Badham, 9 Beav. 370; Nicholson v. Wilson, 14 Sim. 549; Wharton v. Barker, 4 Kay & J. 488; Bullock v. Downes, 9 H. L. Cas. 1; Simonson v. Waller, 9 App. Div. 515, 41 N. Y. Supp. 662. Van Nostrand v. Marvin, Clark v. Cammann, and Simonson v. Waller, above cited, treat Savage v. Burnham, 17 N. Y. 561, and Howland v. Clendenin, 134 N. Y. 305, 31 N. E. 977, so far as they may seem to pertain to this subject, as not being authoritative decisions upon it. A decree should be entered in accordance with these views.

Decreed accordingly.