### DENNISON v. LAWRENCE.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

ATTORNEYS—CONTINGENT FEES—CONTEST OF WILL.

Defendant employed plaintiff, an attorney, to test validity of a will, he to receive therefor $1,000 of any money obtained and recovered. In an action pursuant thereto, it was held that gifts over were void, and that, in case of death of a beneficiary without issue, defendant would be entitled to a share of the estate. *Held*, that plaintiff was entitled to the $1,000, on death of one of the beneficiaries without issue, though he was not connected with an action then brought to determine whether defendant was entitled to one-sixth or one-ninth of the estate.

Appeal from trial term, New York county.

Action by James A. Dennison against James B. Lawrence. From a judgment for defendant on a decision without a jury (58 N. Y. Supp. 142), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Frank M. Hardenbrook, for appellant.
John L. Hill, for respondent.

INGRAHAM, J. The action is brought to recover the amount due to the plaintiff under a contract which is as follows:

"We hereby retain and employ James A. Dennison, Esq., counselor at law, to take such proceedings as to him may seem best to test the validity of the will of James W. Lawrence; and, in consideration of his services rendered and to be rendered therein, we hereby promise and agree to pay to the said James A. Dennison the sum of three thousand dollars, being one thousand dollars for each of us, of the moneys in any manner obtained and recovered, for so it being understood and agreed that said James A. Dennison is to take full charge of and manage said proceeding or proceedings; and, if he is unsuccessful, he shall receive no compensation for his services."

This agreement was signed by the plaintiff and by three others, one of whom was the defendant. Under this retainer the plaintiff commenced an action in the supreme court, in which action, after setting forth in full the will of James W. Lawrence, the plaintiff prayed that the said last will and testament be ordered, adjudged, and declared to be null and void, as unlawfully suspending the absolute ownership of said personal property so left by said defendant, against the provisions of the statute in such case made and provided. Upon the trial of the case at special term, judgment was entered in favor of the plaintiff; it being then held that the disposition made by the will was void, and that the decedent's estate should be distributed as in case of intestacy. But, upon an appeal to the late general term of this court in this department, that judgment was reversed (27 N. Y. Supp. 1094), and it was held that the ulterior gift over was void, but that the several trusts contained in the fourth, fifth, and sixth subdivisions of the third paragraph of the will, except the ulterior gifts over, were valid; and, upon appeal to the court of appeals, this judgment of the general term was affirmed (39 N. E. 856). It would seem, therefore, that in the action instituted by the plaintiff under the retainer he was successful, so far as to obtain an adjudication that the defendant would be entitled to a share of the estate in case of the death of either of the beneficiaries without issue.

It also appeared that, subsequent to the final decision of the court of appeals in the action brought by the plaintiff under this agreement, one of the children of the testator, who had signed this contract with the plaintiff, died, and her administrator commenced an action against the executor of the will to compel him to divide the amount held in trust for the child who died, among the next of kin of the decedent. With that action this plaintiff had nothing to do. That action was defended by the executor, but it was held by this court (Brown v. Richter, 25 App. Div. 239, 49 N. Y. Supp. 368), reversing the judgment of the special term, that the decedent died intestate as to the remainder in the property after the termination of the life estate of each of his children who should die without issue, and that such remainder was to be divided among the next of kin of the testator, to be ascertained as of the time of his death; holding that one-ninth of the personalty of the estate was to be paid to each of the children of the testator or their representative. The plaintiff in this case claims that the one-ninth to which the defendant was entitled under the decision of this court in the case of Brown v. Richter, supra, was money obtained and recovered by him under his agreement with the defendant. The will of the testator

gave the remainder of his estate, real and personal, to his executors in trust, to invest the same, and to pay the income to his wife during her life, and upon her death to divide the estate into as many equal portions as he had children surviving, the issue of a deceased child to count one in such division, and to pay the income of one of such portions to each of his three children, and, upon the decease of each child without issue, the principal thereof was to be added to the other portions, and disposed of as such other portions were to be disposed of. The result of the action brought by the plaintiff was a judgment construing the will so that this provision for the distribution of the remainders held for the lives of testator's children, by which the principal was to be added to the portions held for the surviving children upon the death of each child without issue, was invalid, and that at the death of each child the amount held in trust for that child, where the child left no issue, was to be divided among the next of kin of the testator; and it was under this judgment that the defendant became entitled to one-ninth of the residuary estate upon the death of Caroline L. Brown, one of the children of the testator. This one-ninth of the estate of the deceased was money "obtained and recovered" for the defendant by the action brought by the plaintiff, as it was by the judgment in that action that the defendant's right to this part of the estate was determined, and, when the defendant became entitled to receive that part of the estate, he was bound to pay the sum of $1,000 to the plaintiff. The motion in this court, with which the plaintiff had nothing to do, was merely to determine whether the defendant would be entitled to one-half of a third of the estate, or one-third of such third, not as to whether he was to receive any part of the estate.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.