I conclude that it was the intention of the testator to, and that he did by his said will, give to his widow an absolute and unqualified title to all his real and personal property.

---

(77 Misc. Rep. 82.)

## In re HALSTED et al.

### (Surrogate's Court, New York County. May, 1912.)

1. WILLS (§ 687*)—NEXT OF KIN—INTESTATE REMAINDERMAN.

    A beneficiary entitled to the income of a fund for life is not excluded as a next of kin from the ultimate ownership of the trust fund, where there is no valid disposition of the fund by the remainderman.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1638–1643; Dec. Dig. § 687.*]

2. WILLS (§ 687*)—CONSTRUCTION—NATURE OF ESTATE.

    Testator's will, probated in 1899, gave the income of a trust fund to B. for life, with remainder over to a nephew and niece on attaining the age of 25 years, in case of prior death without issue the survivor to take. The niece died in 1903 at the age of 25 years, survived by a husband and an infant child. The income of a second trust fund was to be paid to testator's brother C. for life, provided that should his wife die before him the trustees could pay over the trust fund to him clear of any trust. The residuary estate was given to testator's mother, who died in 1890, bequeathing it to C. in trust, to receive the income for life, the principal at his own election should his wife die. C. died in 1911, survived by his wife. *Held*, that the executor of C. was entitled to have paid over to him the residuary estate which his mother was to receive under the will of A. after the death of C., as to which she died intestate, and C., her only heir at law, became the owner of said residuary estate subject to his own life estate.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1638–1643; Dec. Dig. § 687.*]

In the matter of the settlement of the account of James M. Halsted and Chauncey Stillman, trustees of the last will of William A. Halsted, deceased. Decree rendered.

Cardozo & Nathan, of New York City, for petitioners.

George W. Carr, of New York City, for executor · of Charles Stockton Halsted.

Miller, King, Lane & Trafford, of New York City, for Union Trust Co.

Charles C. Lockwood, of New York City, for James Ewing and James Maver Halsted.

FOWLER, S. William A. Halsted died September 7, 1889, leaving a last will and testament, which was duly admitted to probate September 21, 1889. James M. Halsted and Chauncey Stillman qualified as executors and trustees thereunder.

The will contained several legacies, which have long since been paid, and two trust funds. The two trust funds are the only provisions of the will which come in question on this accounting.

One of these trust funds was for the benefit of Harriet B. Bokee, the income of $25,000 to be paid to her during her life, with re-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

    137 N.Y.S.—28

mainder over in equal shares to the testator's niece and nephew, Catherine Crane Halsted (afterwards Ewing) and James Maver Halsted, when they, respectively, attained the age of 25 years. On the death of either of them before attaining that age, his or her issue to take, and, in default of issue, the surviving brother or sister to take. The life tenant, Harriet B. Bokee, is still living, and the income of the trust fund is still being paid to her by the above-named trustees. The remainderman, Catherine Halsted Ewing, died July 26, 1903, at 25 years of age. She left her surviving her husband, James Ewing, and James Ewing, Jr., her infant child. The other remainderman of this fund, James Maver Halsted, is still living.

The second trust fund, and the one principally in question in the accounting, was for the benefit of the testator's brother, Charles Stockton Halsted, he to receive the income for life of $25,000, but provided, however, that should his wife, Sarah Ann Halsted, die during his lifetime, the trustees were empowered to pay over the fund to the said Charles Stockton Halsted, absolutely, free and clear of any trust.

By the seventh clause of the will the mother of the testator, Catherine Crane Halsted, is given all the rest, residue, and remainder of the estate. The following are the provisions of the will in regard to this second trust fund:

"Sixth. I give and bequeath to my executors, in trust, for the benefit of my said brother, Charles Stockton Halsted, during his life, the sum of twenty-five thousand dollars, to be invested and kept invested by my said executors in good interest bearing or dividend paying securities, the net income whereof shall be paid to my said brother during his life. If, however, Sarah Ann Halsted, the present wife of my said brother, shall die at any time during his life, I hereby authorize and empower my said executors, at his election, to pay over to him the principal sum of said trust, to be thereafter held by him for his own use, in absolute property, free, clear and discharged of and from said trust.

"Seventh. All the rest, residue and remainder of my estate, of every kind and description and wheresoever situated, I give and bequeath to my beloved mother, Catherine Crane Halsted, and to her executors, administrators and assigns forever."

Catherine Crane Halsted, the above-named residuary legatee, died June 29, 1890, leaving as her only heir at law her son, Charles Stockton Halsted, the above-named life tenant. Her will, with the codicils, was duly admitted to probate on July 22, 1890, and by the fifth clause of the first codicil, after directing the payment of certain legacies, she gave all the rest, residue, and remainder to her son, Charles Stockton Halsted, in trust, however, he to receive the income during his life, and the principal at his own election, should his wife die. The fifth clause of the first codicil reads as follows:

"Fifth. All the rest, residue and remainder of my estate of every kind and description and wheresoever situated, not disposed of in and by the first sixteen articles of my said will, I give, devise and bequeath to my said executors, in trust to the benefit of my son, Charles Stockton Halsted, during his life, to be invested and kept invested by my said executors in good interest bearing or dividend paying securities, the net income whereof shall be paid my said son during his life. If, however, Sarah Ann Halsted, the

present wife of my son, shall die at any time during his lifetime, I hereby authorize and empower my said executors, at his election, to pay over to him the principal sum of said trust, to be thereafter held by him for his own use, in absolute property, free, clear and discharged of and from said trust."

This clause in the codicil of the will of Catherine Crane Halsted follows almost word for word the sixth clause of the will of William A. Halsted, and no other attempt appears to have been made, either in her will or codicil, to dispose of her residuary estate, to wit, the trust estate the income of which was given for life to her said son, Charles Stockton Halsted, under the will of William A. Halsted. Therefore, by her failure to dispose of that residuary estate which she was to receive under the will of William A. Halsted, after the death of her son, Charles Stockton Halsted, as to that she died intestate, and her son, Charles Stockton Halsted, her only heir at law and next of kin, became the absolute owner of the residuary estate subject to his own life estate.

Charles Stockton Halsted died September 25, 1911, leaving a last will and testament which was duly admitted to probate on the 30th day of January, 1912, and George W. Carr was appointed his executor. Sarah Ann Halsted, the wife of Charles Stockton Halsted, and upon whose death the trust in favor of her husband could be destroyed, is still alive, and hence Charles Stockton Halsted never could and did not destroy the trust, and the money is still in the hands of the trustees of the estate of William A. Halsted; and Charles Stockton Halsted's executor claims the same, and asks that the decree direct the payment to him.

In the accounting in question the trustees show that they were appointed executors on the 25th day of September, 1889, and that on or about the 6th day of March, 1891, they rendered an account of their proceedings as such executors, and thereafter, on or about the 25th day of April, 1891, a decree was duly entered in this court whereby the said account was judicially settled and allowed; that they received as trustees the legacy of $24,405.68 (representing the $25,000 legacy less the transfer tax), which they were directed to invest and keep invested for the benefit of Harriet B. Bokee. They also show that they received as trustees the legacy of $25,000 which they were directed to invest and keep invested for the benefit of Charles Stockton Halsted, the testator's brother, to pay the net income thereof to him during his life; and that the said wife of said Charles Stockton Halsted being still alive, under the provisions of this trust fund, they have not paid the same over to Charles Stockton Halsted absolutely, free and clear of the trust; that they continued to act as trustees, and on or about the 6th day of May, 1907, they rendered an account of their proceedings as trustee, and a decree was duly entered in this court on the 7th day of January, 1908, whereby the said account was judicially settled and allowed.

This present account is of the proceedings of the trustees from May 6, 1907, the date of the last accounting, to February 27, 1912, the date of the filing of this account.

[1, 2] The objections to the account filed by George W. Carr,

the executor of the last will and testament of Charles Stockton Halsted, now deceased, allege that neither James Ewing, the father and guardian of James Ewing, Jr., nor James Ewing as administrator of the estate of Catherine Halsted Ewing, deceased, or James Halsted Ewing, or Charles Stockton Halsted, Jr., or James Maver Halsted, or William Sohmer, as Comptroller of the state of New York, or the Union Trust Company of New York, as substituted trustee under the will of Catherine Crane Halsted, deceased, or any other person or persons, except George W. Carr, as executor of the last will and testament of Charles Stockton Halsted, have or that either of them has, except this respondent, any right or title to any extent in the principal or income of the trust fund, originally $25,000, belonging to the estate of William A. Halsted, deceased, and now in the hands of the accounting parties herein under his last will and testament for the benefit of Charles Stockton Halsted, deceased. As to this objection, so far as I can see, the account does not state that they have any interest in the $25,000 trust fund for the benefit of Charles Stockton Halsted, now deceased, but are made parties to the accounting by reason of the fact that the three Ewings are interested in the remainder of the trust fund created for the life of Harriet B. Bokee, who is still alive. Charles Stockton Halsted, Jr., and James Maver Halsted, are two sons of Charles Stockton Halsted, now deceased. The State Comptroller is brought in as to any interest he might have as to transfer tax, and the Union Trust Company as trustee of Catherine Crane Halsted.

George W. Carr, the executor of Charles Stockton Halsted, by objection No. 3 to the account, states that from the death of Catherine Crane Halsted on June 29, 1890, until the death of her son, Charles Stockton Halsted, on September 25, 1911, said Charles Stockton Halsted was the absolute owner of all the principal moneys, estates, and funds belonging to the estate of said William A. Halsted, deceased, originally $25,000, and held by the accounting parties for the benefit of said Charles Stockton Halsted, subject only to the trust in his own favor, and subject to his right to destroy the trust in case he survived Sarah Ann Halsted, and that, since the death of said Charles Stockton Halsted, his executor has been and is now the only and absolute owner of all the moneys, estates, and funds, whether of principal or income, belonging to the estate of William A. Halsted, deceased, and now in the hands of the accounting parties herein and held by them for the benefit of Charles Stockton Halsted under his last will and testament, and now distributable or before the court for distribution. This appears to be so, for upon the death of Catherine Crane Halsted, the residuary legatee, Charles Stockton Halsted, as the only heir at law and next of kin of Catherine Crane Halsted, became the owner of the residuary, subject to his own life estate.

The trustees do not claim that the trust as to the $25,000 for the life of Charles Stockton Halsted has not ceased and that the executor of his estate is not entitled to the fund. They merely account for the same. The objection of the executor of the estate of Charles

Stockton Halsted to the account of the trustees of William A. Halsted, that the $24,462.63 should be paid to him as the absolute property of the estate of Charles Stockton Halsted, seems to be more an objection to the form of the decree, not yet filed, settling and allowing the account. He asks that the decree direct the trustees to pay the money to him. The trustees interpose no objection to that. They only ask that the account be settled. The decree may provide for the payment over of the $24,462.63 now owned absolutely by George W. Carr as executor of Charles Stockton Halsted. The other trust is still held, of course, because the life tenant, Harriet B. Bokee, is still living. As a matter of law, the fact that one is a cestui que trust entitled to the income of a fund for life does not exclude him as a next of kin from the ultimate ownership of the trust fund where there is no valid disposition of the fund by the remainderman. Doane v. Mercantile Trust Co., 160 N. Y. 494, 55 N. E. 296; Brown v. Richter, 25 App. Div. 239, 49 N. Y. Supp. 368; Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709; Pomroy v. Hincks, 180 N. Y. 73, 72 N. E. 628.

Decreed accordingly.