FIRST NATIONAL BANK AND TRUST COMPANY OF YONKERS, Plaintiff, *v.* EDITH S. PALMER and Others, Defendants.

Supreme Court, Westchester County, October 21, 1931.

*Dean, King, Smith & Taylor*, for the plaintiff.

*John R. Bushong*, for the defendant Edith S. Palmer.

*Albert Ritchie*, guardian *ad litem*, for the infants Richard and Wayne Palmer.

CLOSE, J. These two actions were tried as one. In both the plaintiff, trustee under two separate deeds of trust, presents its account for settlement and seeks construction. The two instruments are identical in all respects except that in one the settlor's son Wayne is mentioned, where in the other her son Richard is mentioned. The matter can be disposed of, therefore, by considering the language and legal effect of one deed of trust. The same result must follow in the case of the other.

The trust *res* is a bond and mortgage and one-half thereof is the corpus of one trust and the remaining half is the corpus of the second. The question in each case is the ownership of income accruing and left undisposed of in the express language of the instruments. For the sake of simplicity and clarity this discussion will be limited to the trust affecting the settlor's son Richard.

The instrument recites the desire of the settlor to create a trust fund for the use, support and benefit of the persons named therein, and that in consideration of the assignment by Edith Palmer Hart to Leslie R. Palmer of her interest in certain estates and properties therein mentioned, the settlor sets over to the trustee a certain one-half interest in a certain mortgage. The trustee is to hold said trust fund during the lives of Edith Palmer Hart and Richard Palmer, son of Leslie R. Palmer, and the settlor, and the trustee is to pay over the income as follows: (a) To Edith Palmer Hart $1,500 a year during her life; (b) from the excess, to pay the premiums on certain policies of life insurance on the life of Leslie R. Palmer for the benefit of Richard Palmer, the proceeds of such policies to be added to the trust fund upon the death of Leslie R. Palmer; (c) to pay the remainder of such income to Leslie R. Palmer during his life.

If Leslie R. Palmer dies before Edith Palmer Hart, the surplus income after the payment of the annuity to Edith Palmer Hart was to be paid to Richard Palmer if he be living; if not, then to his lineal descendants *per capita.* If Edith Palmer Hart died prior to Richard Palmer leaving Leslie R. Palmer surviving, the said Leslie R. Palmer was to receive all the income during the life of Richard after paying the premiums above referred to. If Leslie R. Palmer died prior to Edith Palmer Hart, the entire income upon her death is to be paid to Richard Palmer during his life.

Upon the termination of the trust, the corpus was to be distributed as follows:

1. To Leslie R. Palmer if he be living.

2. If he is not living, then to the children, grandchildren and great-grandchildren of Richard Palmer.

3. If Richard Palmer left no descendants, then to the descendants of Leslie R. Palmer.

4. If no descendants of Leslie R. Palmer, then as directed by his will.

5. If no will, then to the next of kin of Leslie R. Palmer.

Edith Palmer Hart died June 14, 1928, and Leslie R. Palmer two years later, on August 31, 1930. Inasmuch as he survived Edith Palmer Hart, a contingency has arisen which is not provided for in the instrument. Conflicting claims are now raised in regard to the ownership of the income which has accrued since Leslie R. Palmer's death and will accrue during the life of Richard. The trustee and Edith S. Palmer claim this income on the ground that it is undisposed of, and that within the meaning of section 63 of the Real Property Law there is no holder of the next eventual estate who can take. Richard is an infant without issue.

The guardian asserts title on behalf of the infant upon two grounds. The first that by implication, even though Leslie R. Palmer did survive Edith Palmer Hart, the infant is entitled to this income by construction and regard for the surrounding circumstances. The second ground of the special guardian is that if the first contention is of no avail, then title is in his ward upon the ground that he is the presumptive holder of the next eventual estate under section 63 of the Real Property Law.

The guardian advances in support of the first ground the following contentions which he claims establish from the instrument itself an intention on the part of the settlor that Richard is to take under the contingency which has here arisen: (a) The recital of the desire on the part of the settlor to create a trust fund for the use, support and benefit of the persons therein named, the infant Richard being one of those mentioned. (b) That in addition to

this desire on the part of the settlor there is a consideration moving to Leslie R. Palmer, the father of the infant. The infant was to receive the income in excess of $1,500 in the event that his father predeceased Edith Palmer Hart. He had been named as beneficiary in the insurance policy, the premiums of which were to be paid from the income of the principal amount of which became a portion of the trust fund. His descendants if any, were to take the remainder. (c) That the settlor could not revoke the trust without the consent of Leslie R. Palmer. (d) That in case of revocation, the principal went to Leslie R. Palmer. (e) And under no circumstances was there any provision in the agreement by which the settlor would receive anything. (f) That the failure to provide for the contingency that has occurred was an error on the part of the draftsman and not due to lack of intention on the part of the settlor.

This contention cannot be sustained. There are many authorities to sustain the proposition that the language of an instrument may be transposed and grammatical construction disregarded (*Matter of Farmers' L. & T. Co.*, 189 N. Y. 202), but this is far different from twisting the language into a construction that will result in supplying a palpable and obvious omission on the part of the maker of the instrument. Under the authorities, as I read them, this cannot be done. (*Central Union Trust Co.* v. *Trimble*, 255 N. Y. 88.) An examination of the language in the trust deed furnishes no ground authorizing the court to insert a clause that would in effect be a direction of the disposal of the income under the present contingency. On failure to exercise the express power of revocation, the trusts are to last during the lifetime of the two named persons. An examination of the instrument shows that there are other contingencies under which no disposition has been made of the income.

It follows, therefore, that the income which has accrued since the death of Leslie R. Palmer remains undisposed of. It is for just such an omission as this that section 63 of the Real Property Law, made applicable to personal property by section 11 of the Personal Property Law, provides. The language of section 63 of the Real Property Law is as follows:

" Undisposed profits. When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate. But any and all persons who legally shall have begun heretofore,

or shall begin hereafter, to receive any such undisposed of rents and profits or any part thereof by virtue of this section or otherwise, shall continue to receive and enjoy the same notwithstanding the birth thereafter of a child or children to any person or persons receiving all or any part of such rents and profits."

The question that now remains is whether there is any one in being who is a presumptive holder of the next eventual estate.

The instrument provided that upon the termination of the two lives, the principal was to be paid to Leslie R. Palmer, if alive, and if he was not alive, to the children, grandchildren and great-grandchildren of Richard Palmer, share and share alike *per capita*. Richard Palmer has no issue. There is no one in existence in the clause named who would be presumptively entitled to the next eventual estate. The next eventual estate has been defined as the estate which is to take effect upon the happening of the event which terminates the accumulation. (*Manice* v. *Manice*, 43 N. Y. 303.) It is there held that "those who presumptively will be entitled to receive the rents and profits when the period of accumulation ends, are entitled to anticipate the event which is to terminate the accumulation and to take at once the rents and profits which are undisposed of or unlawfully directed to be accumulated." (At p. 385.)

In *United States Trust Co.* v. *Soher* (178 N. Y. 442) the facts are analogous to the case at bar. There the testator left surviving two sons, his only heirs and next of kin. By his will he provided for incomes payable in fixed sums annually to his two sons. The clause in question is thus described in the opinion of the court: " Upon the death of either of the sons, one-half of the trust estate, including the accumulations of income, if any, was directed to be distributed among the children of such deceased son or the issue of any such deceased child that should then survive; or, in case such deceased son should die without leaving any lawful child or the issue of any deceased child him surviving, then, in that event the trustees were directed to deliver the same over to his brother in case he should then survive, or in case of his death to his lawful children or their issue in case of their decease."

After paying annuities directed to the sons, there was a large excess of income. The children involved were both minors without issue. In discussing who was presumptively entitled to the next eventual estate, the court said: " The children of the sons are the persons, therefore, first entitled to the next eventual estate created by the will. The accumulation being illegal, the grandchildren who would be entitled to receive the rents and profits when the period of accumulation ends, are permitted to anticipate the event which

is to terminate the accumulation and to take at once the rents and profits which are undisposed of * * *. But, as we have seen, there are no grandchildren in being, and, consequently, the surplus undisposed of cannot be paid over to them."

The contention was made there, as here, that there being no children of the sons, the sons themselves were presumptively entitled to the next eventual estate. The court pointed out the possibility of inequality in the case of survivorship of one brother over the other. It declined to guess as to this, saying: " There are no grandchildren in being that can take the next eventual estate, and the provision with reference to the brothers is not only the ultimate estate, but we have no power to determine which brother will be the survivor of the other and be entitled to take."

It then held that inasmuch as this was a case of a will the surplus should be distributed as in the case of intestacy. There is no distinction in dealing with future estates whether created by deed, will or other instrument. (Pers. Prop. Law, §§ 11, 16, and Real Prop. Law, § 96.) In the present case, if this were a will and the property was undisposed of, it would pass by statute to the next of kin because of the inadequacy of the instrument. Here the settlor is alive and if the instrument is inadequate to pass the entire estate, that portion not transferred remains with the settlor. (Real Prop. Law, § 102; *Brown* v. *Richter*, 25 App. Div. 239, 243.)

The account is approved as filed and the trustees will be directed to pay the income which has accrued upon the trust fund since the death of Leslie R. Palmer to the settlor, Edith S. Palmer, and to continue such payments in the future until such time as there is someone in existence who is entitled to the next eventual estate.

Submit accordingly.