Central Union Trust Company of New York, as Trustee, Respondent, *v.* Rufus J. Trimble et al., as Ancillary Executors of Edward R. Thomas, Deceased, et al., Respondents, and Elisabeth R. Thomas, Individually and as General Guardian of Samuel F. Thomas, an Infant, et al., Appellants.

(Submitted October 24, 1930; decided November 19, 1930.)

*Alice B. Baldridge* for appellants. The annual net income of the trust fund in excess of $50,000, being undisposed of after the death of the settlor and before the death of the *cestui que* trust, and no valid direction for its accumulation being given, belongs to the person presumptively entitled to the next eventual estate, as provided by section 63 of the Real Property Law. (Pers. Prop. Law, § 11; *Matter of Kohler*, 193 App. Div. 8; 231 N. Y. 353; *Matter of Cronk*, 109 Misc. Rep. 516; *Matter of Armstrong*, 100 Misc. Rep. 472; *Matter of Harteau*, 142 App. Div. 904; 204 N. Y. 292; *Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381; *Matter of Tompkins*, 154 N. Y. 634; *Cochrane* v. *Schell*, 140 N. Y. 516; *Delafield* v. *Shipman*, 103 N. Y. 463; *Manice* v. *Manice*, 43 N. Y. 303; *Scheuter* v. *Smith*, 41 N. Y. 328; *Kilpatrick* v. *Johnson*, 15 N. Y. 322; *Staples* v. *Mead*, 152 App. Div. 745; *Young* v. *Barker*, 141 App. Div. 801.) There is no merit in the contention that though the trust agreement may not in express words dispose of the excess income after the death of the settlor, the intent is to be gleaned from the whole instrument. (*Union Trust Co.* v. *Boardman*, 215 App. Div. 73; *Street* v. *Post*, 197 App. Div. 304; 232 N. Y. 563; *Wright* v. *Miller*, 8 N. Y. 9; *Patterson* v. *Guardian Trust Co.*, 144 App. Div. 863; *Matter of Harteau*, 204 N. Y. 292; *Matter of Kohler*, 96 Misc. Rep. 433; 231 N. Y. 353; *Dana* v. *Seibert*, 105 Misc. Rep. 68; *Bumpus* v. *Bumpus*, 79 Hun, 526; *Matter of Russell*, 168 N. Y. 169; *Phelps' Executor* v. *Pond*, 23 N. Y. 69; *Manice* v. *Manice*, 43 N. Y. 303.) If the intent of the settlor as to the surplus income may be implied, it is to be presumed that the settlor intended to make a legal disposition rather than an illegal disposition or no disposition of said excess

income. (*Spencer* v. *Spencer*, 38 App. Div. 403; *Matter of Kohler*, 96 Misc. Rep. 433; 193 App. Div. 8; 231 N. Y. 353; *Gould* v. *Rutherford*, 79 Hun, 280.)

*Albert B. Maginnes* for plaintiff-respondent. If the agreement does not validly dispose of surplus income of the trust estate it belongs to the persons presumptively entitled to the next eventual estate. (Real Prop. Law, § 63; *Manice* v. *Manice*, 43 N. Y. 385; *Ossman* v. *Von Roemer*, 221 N. Y. 381; *Matter of Harteau*, 204 N. Y. 292; *St. John* v. *Andrew Institute for Girls*, 191 N. Y. 254; *Matter of Sayre*, 179 App. Div. 269.) The intention of the settlor of the trust governs the provisions thereof. In order to ascertain that intent the court will look to the instrument in its entirety and will so interpret it as to give effect to all of the clauses embodied therein. (*Union Trust Co.* v. *Boardman*, 215 App. Div. 73; *Street* v. *Post*, 197 App. Div. 304; 232 N. Y. 563; *Wright* v. *Miller*, 8 N. Y. 9; *Patterson* v. *Guardian Trust Co.*, 144 App. Div. 863.)

*Edward L. Blackman* for defendants-respondents. The intention of the settlor of the trust must be ascertained and effect given thereto. In ascertaining that intent the court will look at the entire instrument and will interpret it so as to make the whole harmonious and reasonable. (Real Prop. Law, § 63; *Union Trust Co.* v. *Boardman*, 215 App. Div. 73; *Street* v. *Post*, 197 App. Div. 304; 232 N. Y. 563; *Wright* v. *Miller*, 8 N. Y. 9; *Patterson* v. *Guardian Trust Co.*, 144 App. Div. 863.) The settlor parted only with such property in the securities placed in the hands of the trustee as would be sufficient to carry out his purpose and yield an income to the *cestui que* trust of $50,000 annually. The remaining property therein was never parted with by the settlor and upon his death passed to his executors. (*Townshend* v. *Fromer*, 125 N. Y. 446; *Street* v. *Post*, 197 App. Div. 304; 232 N. Y. 565; *Matter of Clark*, 251 N. Y. 458.)

POUND, J. Edward R. Thomas made a deed of trust in January, 1922, in which he recited that he had previously agreed to establish a trust fund for the benefit of Robert Livingston Beeckman, and in which he established such a fund as follows: He transferred to a trustee securities of the par value of $647,000, yielding at that time an annual income of $50,000, with directions to pay the income to Beeckman quarterly during life. " If said annual income shall exceed said sum of $50,000, the excess shall be paid to the settlor." Upon the death of Beeckman the whole income was to be paid to the settlor during life. No express provision was made as to the disposition of any excess income if the settlor died first. Upon the death of both, *i. e.*, Beeckman and the settlor, the trust was to end and the principal was to be paid *to the issue of the settlor*, if any, and in default of issue was to pass under his will and, failing a will, to the heirs and next of kin. There was an undertaking on the part of the settlor, if the income fell below $50,000 annually, to make good the yearly deficiency to the extent of $6,000. The trust was afterwards modified by consent and by a court decree. Samuel Finley Thomas, son, was substituted as remainderman, if he should be living at the time of the death of the settlor and Beeckman.

The settlor died July 6, 1926, leaving issue a son, Samuel F. Thomas, and a daughter, Lucy Cotton Thomas, and also a will disposing of his estate. The beneficiary Beeckman survives. There is an annual surplus income. The question is what shall be done with it.

Samuel F. Thomas, the son, an infant under the age of fourteen years, claims that the surplus, not being otherwise disposed of by the deed, goes to him as the person presumptively entitled to the next eventual estate. (Real Prop. Law; Cons. Laws, ch. 50, § 63; Pers. Prop. Law; Cons. Laws, ch. 41, § 11; *Matter of Kohler*, 231 N. Y. 353, 375.) That he is the person presumptively so entitled is not denied. The courts below have held,

however, that the deed of trust contains by implication a provision disposing of the income otherwise. The argument is that by the true construction of the deed the surplus income is to go to the executors of the settlor, if the settlor dies while Beeckman is still in being.

There is no claim that any such direction has been given in so many words. The question is whether it may be found in the deed through any process of construction.

The learned referee before whom the case was tried says in his opinion: " No express provision is found in the trust indenture for the payment of such excess after the death of the settlor." He also says: " the excess income passes to the person presumptively entitled to the next eventual estate *only* in case where there is no valid disposition thereof by the terms of the trust deed."

After having correctly stated the terms of the deed and the law applicable thereto, he finds, not in the language of the deed, but in the circumstances surrounding the creation of the trust, an intention to substitute the settlor's executors for the settlor himself after his death, and makes his decision accordingly. To defeat the application of the statute, we must find within the terms of the deed a valid direction for the disposition of income not otherwise disposed of. A mere inference in the abstract is not enough to supply an obvious omission. It is little better than a good guess. It would have been a simple matter for the settlor to have provided for the disposition of the excess income in case he died before the beneficiary. This he failed to do. How may we infer the intent of the settlor from his silence? It may well be that if his attention had been called to the omission.he would have directed that the excess income should be paid to his executors. It may equally well be that he would have provided that the excess income should go to his issue. In truth, we have no means of knowing what he would have done. The deed provided that upon the death of

both Beeckman and the settlor the principal is to be paid to the estate only when the settlor left no issue. The trust and the estate were thus kept separate. If language or the absence of language means anything, the settlor left the surplus income to be disposed of, not in accordance with any intention which can be ascertained from the deed, but in accordance with the laws of the State. After his death, his interest in the surplus income ceased and, no other disposition having been made thereof, such income became payable to the person presumptively entitled to the next eventual estate. (*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381.)

Processes of construction may not be resorted to for the purpose of reading into the trust deed an intention not expressed or legitimately to be implied from the language used when construed in the light of the surrounding circumstances. We are to search, not for the probable intention of the settlor merely, but for the intention which the trust deed itself, either expressly or by implication, declares. We are to ascertain the intention from the words used and give effect to the legal consequences of that intention when ascertained. (*Matter of Silsby*, 229 N. Y. 396, 402.)

The inference may be that from the general scheme of the trust deed the settlor's mind did not so operate that he consciously provided that the surplus income should be paid to the son, to the exclusion of the estate. But that is an inconsequential matter. Statutes are made to fill such gaps and to supply that for which the testator has not lawfully provided.

In a controversy between the son of the settlor and the settlor's estate in which the son is a chief participant, it would be a dangerous doctrine which would permit us to write into the trust deed, after the word " settlor," the words " his executors and administrators " in order to reconstruct, rather than construe the deed and to

improve upon the language thereof in order to reach a result deemed more equitable than that which the law indicates. It is a trite saying that rules of construction are to be applied only to interpret language of ambiguous or doubtful meaning. Here the omission is obvious and the legal implication therefrom inevitable.

The judgment, so far as appealed from, should be reversed and the judgment modified accordingly, with costs in all courts payable out of the estate.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

.Judgment accordingly.