Dora Lyons Morris, Plaintiff, v. Arthur J. Morris and Harry F. Stevenson, as Trustees under a Trust Instrument Dated July 1, 1926, Defendants.— Upon an agreed statement of facts, judgment is directed for defendants, without costs. We are of opinion that, under the explicit language of this trust agreement, the plaintiff was to receive not the entire income of the trust fund, but only so much thereof as the trustees, within their sole and arbitrary discretion, saw fit to give her. There is no limitation upon the province of the trustees to accumulate merely during a minority. The trust comprehends no distinction between such a status and accumulations thereafter, and the accumulations whenever made were to be held, not for plaintiff upon arrival at majority or at any other time, but for the donor upon termination of the trust. The provision relating to augmentation of the corpus by accumulation of income is void and may not be excised so as to work a devolution of the entire income to the beneficiary, for that result would be a plain violation of the tenor of the instrument. Such accumulations belong to the person presumptively entitled to the next eventual estate as they are otherwise undisposed of under the agreement. Inasmuch as the settlor is entitled to the corpus upon termination of the agreement, he is entitled to the sums which are in question here. If it be necessary specifically to answer the questions submitted, the first should be

answered in the affirmative; the second, that the accumulations were unlawful, both before and after the plaintiff attained her majority, and the third, that the accumulations belong to the next eventual estate provided for in the agreement. Hagarty, Johnston and Taylor, JJ., concur; Davis, J., dissents in part, with the following memorandum: On this submission of controversy on agreed statement of facts, the question involves a trust agreement executed by Arthur J. Morris September 15, 1926, in which Morris and Harry F. Stevenson were trustees in behalf of certain beneficiaries, including Dora Lyons Morris, the plaintiff. This trust agreement, among other things, provided that the trustees were to receive all the income from the trust estate, and after paying all lawful charges and expenses " to pay or apply the net income of such part thereof as the Trustees may determine upon, from such trust estate arising each year in substantially equal monthly installments, or in such other installments as may be deemed advisable by the Trustees or their successors, to or for the benefit of Dora Lyons Morris, daughter of the Donor, during her life or until January 1, 1930. And upon the death of said Dora Lyons Morris, or on January 1, 1930, whichever sooner occurs, to pay over the principal of said trust estate as it shall then exist with all gains and increase of capital, if any, in fee simple to the Donor, if he is living." There are other provisions, one of which is based on the contingency of the donor's death during the term. We have here the necessary elements of a valid trust, with the beneficiary taking a vested interest therein for a term of years. There had been duly executed extensions of this trust agreement and the trustees had been administering the trust estate until January 1, 1932. The plaintiff, the beneficiary, was an infant at the time of the execution of the trust and attained her majority during the month of September, 1929. She has not at any time been dependent upon the income from the trust estate created and held for her benefit for her maintenance, education or support. In the years 1925 and 1926 the total income from the trust estate for the benefit of the plaintiff was $9,616.50; and the total amount paid over or applied by defendants to or for the account of the plaintiff during those years amounted to a total of $5,507.53, leaving a balance in the hands of the trustees for those two years of $4,108.97. The plaintiff has demanded of the defendants that they pay over to her the latter amount. The plaintiff and defendants request that upon the foregoing and other facts a declaratory judgment be rendered construing said instrument, and particularly determining:

" (a) Whether such trust instrument vested the defendants with discretionary power to withhold and accumulate income received by them during the years 1925 and 1926 from the trust estate created and held for plaintiff's benefit, as aforesaid;

" (b) Whether, if it is found that said trust instrument did vest defendants with discretionary power to withhold and accumulate such trust income, the provisions in said instrument to that effect were lawful under the law of New York (particularly § 16 of the New York Personal Property Law) before and/or after the plaintiff attained her majority;

" (c) Whether, if it is found that said trust instrument did vest defendants with discretionary power to withhold and accumulate such trust income, and if it is held that the provisions in said instrument to that effect were unlawful, the plaintiff is entitled to such trust income, or whether the next eventual estate provided for in said instrument, the vested remainder, was accelerated so as to entitle the remainderman to such trust income."

I favor a determination that the plaintiff is entitled to a declaratory judgment construing the trust instrument as follows: That the trust instrument vested the defendant trustees with discretionary power to withhold and accumulate income during the period of the infancy of plaintiff, which includes the balance unexpended in the years 1925 and 1926; that the provisions for accumulations of income by the trustees after the plaintiff attained her majority were illegal and void and belong to the donor as remainderman and as the presumptive owner of the next eventual estate. Ordinarily where the dominant purpose of a trust is to provide for the support, maintenance and education of a child of the settlor, the invalid parts of the written trust agreement will be excised and that part in accord with the dominant purpose will be retained. That rule I follow here in so far as it applies to the period of minority. But beyond that period the trust must be strictly construed from the language of the instrument itself. (*Central Union Trust Co.* v. *Trimble*, 255 N. Y. 88.) The purpose of the trust after minority was not for the advantage of the beneficiary, but to make accumulations for the benefit of the donor, to be paid to him at the end of the term. The beneficiary was not dependent on the trust income for maintenance, as is stated in the submission. It was suggested on the argument that this trust was set up for some ulterior or fraudulent purpose. Nothing of that kind appears in the record. I think we are limiting our decision solely to the questions submitted. Carswell, J., concurs with Davis, J.