In the Matter of the Accounting of THE NATIONAL CITY BANK OF NEW YORK, as Trustee under Two Trust Agreements Made by WILLIAM C. FIELDS (Known as WILLIAM C. FIELDS Trusts No. 1 and No. 2), Respondent. HARRIET V. FIELDS et al., Respondents; WALTER FIELDS et al., Appellants.

Submitted November 29, 1950; decided March 8, 1951.

*George L. Kobbé* for appellants. I. The intention of the settlor, ascertained from the instrument as a whole rather than from any particular provision considered by itself, should be the guide in construing the trust agreement. (*Matter of Fordham,* 235 N. Y. 384; *Williams* v. *Jones,* 166 N. Y. 522.) II. The provisions of article 1 of the trust agreement, taken together, leave no reasonable doubt that the settlor intended the beneficiary, if living, to receive the principal on December 1, 1946, or, if the settlor should survive that date, on the death of the settlor. (*Mead* v. *Coolidge,* 179 N. Y. 386.) III. The gift of the principal is not rendered ineffectual by the fact that, because it could not take effect before the death of the donor, it could not take effect in the stated order and at the time expressed in the trust instrument. (*Mead* v. *Coolidge,* 179 N. Y. 386; *United States Trust Co.* v. *Hogencamp,* 191 N. Y. 281; *Matter of Knapp,* 206 App. Div. 260; *Matter of Fordham,* 235 N. Y. 384; *Matter of Lawrence,* 238 N. Y. 116.)

*Maurice Mound, Bert Cotton* and *Arthur H. Simms* for Magda Michael, respondent. The trust agreement should not be rewritten to insert a gift which was not made by the settlor. (Thompson on Wills [3d ed., 1947], § 211; *Post* v. *Hover,* 33 N. Y. 593; *Chater* v. *Carter,* 238 U. S. 572; *Brown* v. *Quintard,* 177 N. Y. 75; *Leggett* v. *Stevens,* 185 N. Y. 70; *Matter of Kearney,* 169 Misc. 947, 258 App. Div. 39; *Trowbridge* v. *Trowbridge,* 182 Misc. 191, 269 App. Div. 826; *Bradhurst* v. *Field,* 135 N. Y. 564.)

*H. Vincent Smart* and *Robert D. Cole* for Harriet V. Fields, respondent. General intent and implied gifts in construction of wills and trusts are dangerous doctrines which have not been accepted as the law of this State. (*Matter of Sliter,* 286 N. Y. 117; *Matter of Leland,* 219 N. Y. 387; *Wadsworth* v. *Murray,* 161 N. Y. 274; *Herzog* v. *Title Guar. & Trust Co.,* 177 N. Y. 86; *Matter of Winburn,* 265 N. Y. 366; *Van Nostrand* v. *Moore,* 52 N. Y. 12; *Simpson* v. *Trust Co. of America,* 129 App. Div. 200; *Bigelow* v. *Percival,* 162 App. Div. 831; *Matter of Barrett,* 141 Misc. 637; *Trowbridge* v. *Trowbridge,* 182 Misc. 191, 269 App. Div. 826; *Matter of Nelson,* 268 N. Y. 255; *Dwight* v. *Fancher,* 245 N. Y. 71.)

Lewis, J.   Incidental to an accounting the petitioner-respondent, the National City Bank of New York, as trustee under two *inter vivos* trusts made by the late William C. Fields, instituted these separate proceedings under article 79 of the Civil Practice Act for the construction of each trust agreement as a means of determining the rights, shares and interest, if any, of certain named beneficiaries in the two trust funds.

Although the two appellants have taken six separate appeals from various orders made herein by the Appellate Division, the case comes to us — by stipulation of the parties — on a consolidated record.   It should also be noted at the outset that, although the settlor died domiciled in California, where his will has been admitted to probate, he was a resident of the State of New York on the date when the two trust agreements were signed, and in each agreement he directed that " The trust hereby created shall be deemed a New York trust and shall, in all respects, be governed by the law of the State of New York."

The two trust agreements — to which reference will be made respectively as Trust No. 1 and Trust No. 2 — were executed on November 8, 1926, and are identical in text except that originally the contingent remainderman in Trust No. 1 was Mildred Linelle Blackburn and in Trust No. 2 was Elizabeth C. Poole.   In 1927, the settlor amended Trust No. 2 by striking out the name of Elizabeth C. Poole and substituting therefor the name of Mildred Linelle Blackburn who thereby became until 1931 the primary beneficiary of both trusts.   In the year last mentioned both trusts were amended by striking from each agreement the name of Mildred Linelle Blackburn and substituting therefor in Trust No. 1 the name of Walter Fields *, the settlor's brother, and in Trust No. 2 Adele Smith, the settlor's sister.

As the two trust agreements are identical, except for the name of the beneficiaries, there is quoted below only the relevant portion of Trust No. 1, as originally executed:

" Article First

" The Settlor hereby assigns, transfers, conveys and sets over unto the Trustee the following described property, to wit, Fifty Thousand Dollars ($50,000.00), To Have and To Hold

---

* Occasionally referred to by the settlor as " Walter Dukenfield ".

unto the Trustee and its successors, in trust, however, for the uses and purposes following:

" A. To apply the income from said trust fund in monthly installments as nearly equal as may be practical, to the use of the Settlor so long as he shall live.

" B. After the death of the Settlor, to apply the income from said trust fund in monthly installments as nearly equal as may be practical, to the use of Mildred Linelle Blackburn, until the First day of December, 1946, or until the death of the said Mildred Linelle Blackburn, whichever event shall first occur.

" C. On the first day of December, 1946, if said Mildred Linelle Blackburn then survives and the Settlor is dead, to convey, transfer and pay over the principal of the trust fund to her, the said Mildred Linelle Blackburn.

" D. In the event that the said Mildred Linelle Blackburn shall survive the Settlor for a period of at least three calendar months, but shall die prior to the first day of December, 1946, thereupon, upon such death forthwith, and without delay, to convey, transfer and pay over the principal of the trust fund to (a) if the said Mildred Linelle Blackburn shall have died intestate, to the same persons to whom, and in the same proportions in which, the said property would, if the same belonged to the said Mildred Linelle Blackburn, descend or be distributed in the event of her death according to the laws of descent of real property of the State of New York then in force, or (b) if she shall have died testate, to such person or persons and in such proportions as she shall by her last will and testament appoint, it being expressly understood and agreed that any general disposition of all her property, or of her residuary estate, which the said Mildred Linelle Blackburn shall make by her last will and testament shall be deemed to be a disposition of her interest in the said trust estate hereunder.

" E. In the event that upon the death of the Settlor the said Mildred Linelle Blackburn shall be no longer living, then upon his death or in the event of her death prior to the first day of December, 1946, at a time that shall be after the death of the Settlor but shall not be at least three calendar months after the death of the Settlor, then upon her death, to convey, transfer and pay over the principal of the trust fund in equal shares, to

Walter Dukenfield, brother of the Settlor, and/or Adele Dukenfield Smith, sister of· the Settlor, or if both of them be dead, to such person or persons, and in such proportions as the Settlor shall by his last will and testament appoint, it being expressly understood and agreed that any general disposition of all his property or his residuary estate which the said Settlor shall make by his last will. and testament, shall be deemed to be a disposition of his interest in the said trust estate hereunder, or in default of such appointment, to such persons as shall then constitute the heirs at law of the Settlor according to˙ the laws of descent of real property of the state of New York then in force.    *    *    *''

In each trust agreement the settlor reserved the right to revoke or modify the trust '' by any informal instrument in writing delivered to the Trustee    *    *    *.''

On April 15, 1931, Trust No. 1 was amended by the following instrument:

'' Pursuant to the powers reserved to me in a certain Trust Agreement dated November 8, 1926 between myself and the National City Bank of New York wherein MILDRED LINELLE BLACKBURN is named as a beneficiary, and which said Agreement is known as WILLIAM C. FIELDS TRUST NUMBER ONE, I hereby amend the said Trust Agreement by striking out the name of MILDRED LINELLE BLACKBURN wherever it appears in the Agreement and by substituting therefor the name of WALTER FIELDS, my brother, now residing at Waterford Works, New Jersey.

'' In all other respects I hereby ratify and confirm the provisions of said Trust Agreement.

'' (Acknowledged by William C. Fields before a notary public on the 15th day of April, 1931.)

'' RECEIVED AND ACCEPTED
'' APR. 20, 1931
'' CHARLES F. WHEATON
'' Trust Officer ''.

On the same date (April 15, 1931) Trust No. 2 was similarly amended so as to substitute the name of his sister, Adele Smith, for that of the former beneficiary.

The choice of the date " December 1, 1946 ", referred to in paragraphs B, C, D, and E or article 1 (quoted *supra*), appears to have been purely fortuitous — at least there is no record evidence indicating a reason for choosing that date.

The construction problem with which we are concerned arises because the settlor died on December 25, 1946 — a date twenty-four days subsequent to the date he directed should be inserted in the trust agreement at the time it was entered into twenty years prior to his death. The settlor's brother and sister — as appellants before us — claim that each of the two trust instruments should be read as a whole and assert that thus read, the settlor intended they should have the corpus of each trust at his death, even should such event occur after December 1, 1946. It is the position of the executrix of the settlor's will — the respondent Magda Michael — that the trust corpus is not disposed of by either trust agreement and therefore constitutes part of the settlor's estate. In the courts below the settlor's widow — from whom he had been separated since 1907 — and his son asserted claims to the corpus. However, both courts below denied their claim and they have not appealed to this court.

At Special Term, the court, upon a motion by the settlor's widow for judgment on the pleadings, ruled that the settlor's brother and sister were entitled respectively to take the corpus of the trust of which he or she is ultimately named as the primary beneficiary, as the case may be. The Appellate Division modified on the law the order of Special Term and ruled that the corpus of each trust passes to the settlor's estate.* The *Per Curiam* opinion of the Appellate Division is in part as follows: " The only significance that may be attached to the settlor's failure to provide for the disposition of the corpus in the event he lived beyond December 1, 1946, is that he intended to cut off all contingent interests in the principal of the trusts as of that date. Whatever his reasons for so doing, we may not

---

* Although no order settling the accounts has yet been entered, settlor's brother and sister are the only appellants in this court, and since the legal effect of the orders of the Appellate Division is to exclude them from any share in the trust estate, the orders are final as to them. (*City Bank Farmers Trust Co.* v. *De St. Aubin,* 296 N. Y. 953.)

read into the agreements a provision contrary to his wishes. It must be borne in mind that we are here concerned with *inter vivos* trust agreements and not with the provisions of a testamentary trust. We may not therefore imply an intention of effecting a full and complete disposition of the trust property unless an intention so to do is clearly indicated." (276 App. Div. 835, 836.)

We believe that a reading of the full text of the trust agreements indicates that the result reached by the Appellate Division is not warranted. The disposition of the corpus of each trust — in the event the settlor's death occurred after December 1, 1946 — is provided for by paragraph E of each trust agreement of which a relevant portion, after the first amendment of Trust No. 2, reads as follows: " In the event that upon the death of the Settlor the said Mildred Linelle Blackburn shall be no longer living, then upon his death * * * to convey, transfer and pay over the principal of the trust fund in equal shares, to Walter Dukenfield, brother of the Settlor and/or Adele Dukenfield Smith, sister of the Settlor ". Thus the settlor declared his intention to be that at his death, *whenever that event might occur,* if the primary beneficiary was not then able to receive the corpus of the trust, his brother and sister were to share it in equal parts. The amendments of the agreements which struck from the texts the name of the earlier primary beneficiaries and substituted as primary beneficiaries the name of the settlor's brother in one instrument, and his sister in the other, clearly were not intended by the settlor to diminish the interest of these kin in the trust corpus. Since the prior beneficiaries Mildred Linelle Blackburn and Elizabeth C. Poole are not to share in the corpus of either trust — a result which follows not because they predeceased the settlor, but because he struck their names from the agreements — we believe the language — " then upon his [the settlor's] death * * * to Walter Dukenfield, brother of the Settlor, and/or Adele Dukenfield Smith, sister of the Settlor * * * " — should be given full effect.

The fact that the settlor amended each agreement by instruments which directed that the name of the then designated primary beneficiary be stricken " wherever it appears in the Agree-

ment and by substituting therefor '' the names of the settlor's brother and sister, rather than rewriting the instruments, serves to bring about a manifestly unintended result when the name of the prior beneficiary is excised '' wherever it appears ''. This, however, does not mean that the court is not permitted so to interpret the trust instruments to accord with the settlor's declared intention. '' Processes of construction may not be resorted to for the purpose of reading into the trust deed an intention not expressed or legitimately to be implied from the language used when construed in the light of the surrounding circumstances. We are to search, not for the probable intention of the settlor merely, but for the intention which the trust deed itself, either expressly or by implication, declares. We are to ascertain the intention from the words used and give effect to the legal consequences of that intention when ascertained.'' (*Central Union Trust Co.* v. *Trimble,* 255 N. Y. 88, 93.) If the '' striking out '' method chosen by the settlor of amending the trust instruments is adopted literally, the following change in paragraph E of Trust No. 1 would be brought about: '' In the event that upon the death of the Settlor the said Walter Fields shall no longer be living, then upon his death  *  *  *  to Walter Dukenfield (Fields) brother of the settlor, and/or Adele Dukenfield Smith, sister of the settlor.  *  *  *  '' A similar result would follow the amendment of Trust No. 2.

By amending the two instruments as the settlor did on April 15, 1931, he declared in each trust his intention to replace Mildred Linelle Blackburn as primary beneficiary, with his brother and sister. Obviously, by doing so, he did not have in mind the fact that in paragraph E of each agreement, where the name of Mildred Linelle Blackburn appeared, *he had already designated his brother and sister as contingent remaindermen.* By such method of substitution the settlor cannot reasonably be held to have directed that his brother or sister, as the case may be, must survive *after his or her own death* in order to receive the corpus of the trust. The changes in beneficiaries thus brought about, which concededly call for an absurd result if the terms of the amendment are carried out literally, patently was not intended by the settlor to alter the ultimate trust plan

made clear by a reading of the dispositive provisions of the agreements.

We may, however, properly avoid the absurdity thus created so as to attain the result which the settlor intended. Paragraph E contemplates that, upon the death of the settlor, the corpus of each trust shall go to " such person or persons, and in such proportions as the Settlor shall by his last will and testament appoint," but only " if both of them [his brother and sister] be dead ". The settlor thus intended the corpus of each trust to pass to his estate only in the event death prevented his brother and sister from taking it. As they survived him his declared intention was that they thereupon became entitled to the corpus.

The ambiguity in the two trusts, if resolved as above indicated, enables us to reach a reasonable result which is in accord with the intention of the settlor whose brother and sister, even prior to the several amendments of the trust agreements, were the contingent remaindermen under paragraph E. By an amendment which made them primary remaindermen, we may not infer that the settlor intended to take away any property which his brother and sister were to receive before the deeds of trust were amended in their favor.

In construing each of the trusts as indicated above we " * * * give effect to the intent with which the declaration of trust was made, so far as such intent can be collected from the whole instrument. * * * And for this purpose reference may be had to the general scheme of the trust, its object and purpose as so represented." (*Knowlton* v. *Atkins,* 134 N. Y. 313, 319.) We have also given effect to the canon that " No technical rules of construction, no artificial analysis of language used, may defeat intention where that intention is manifest in the language of the instrument itself." (*Farmers' Loan & Trust Co.* v. *Callan,* 246 N. Y. 481, 487; and see *Central Union Trust Co.* v. *Trimble, supra,* p. 93; *Williams* v. *Jones,* 166 N. Y. 522, 533; *First Nat. Bank & Trust Co.* v. *Palmer,* 261 N. Y. 13, 17–18; *Matter of Herzog,* 301 N. Y. 127, 135.)

Manifestly, the settlor ineptly chose the " striking out " method of eliminating Elizabeth C. Poole and Mildred Linelle Blackburn as primary beneficiaries under the trust agreements

instead of accomplishing such excisions by redrafts of those instruments. That ill-chosen method, however, and the predicament it has created in the administration of the trusts should not be permitted to thwart the purpose of the settlor — which pervades each trust instrument as finally amended — to make his surviving brother and sister the ultimate recipients of the trust corpus.

The orders of the Appellate Division and of the Special Term, insofar as appealed from, should be modified in accordance with this opinion, and as so modified affirmed, and the proceedings remitted to Special Term for further action not inconsistent with the opinion herein, without costs but with disbursements to all parties to these appeals who have filed briefs herein payable out of the trust funds.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.