Maximilian Moss, S.
A construction of testator’s will is asked with respect to the right of the executors and trustees to continue decedent’s business; the right to compensation therefrom by one of the fiduciaries, who is testator’s son and who is presently employed therein and was so employed by testator during his lifetime; the fight of the fiduciaries to employ testator’s other son in said business at a salary; and the disposition to be made of trust income which has been earned in excess of the specified payments directed under the will.
Testator placed his entire estate, less such sums required to pay his debts, funeral and administration expenses, in trust during his widow’s life; and directed she be paid therefrom the sum of $100 “ each and every week during her lifetime ” and that similar sums be paid to each of his two sons during the widow’s life. He further directed that should the income be insufficient, the principal be invaded to the extent necessary to make the payments. Upon the widow’s death, the trust is to terminate and the “ entire estate as it then may exist ” is given equally to the two sons. Should a son predecease the widow and be survived by issue, the issue is to be paid the same sum which would have been paid their parent during the widow’s life, and the principal upon the widow’s death.
Income on said trust is being earned in excess of the aforesaid required payments. Testator did not provide for the disposition of any excess income. The court construes the gifts of $100 weekly to the widow and sons to be annuities (Matter of Tomasetti, 147 N. Y. S. 2d 885) and that any excess income is payable to the persons presumptively entitled to the next eventual estate (Real Property Law, § 63; Central Union Trust Co. v. Grimble. 255 N. Y. 88), who presently are the testator’s two sons.
*869 The statements contained in subdivisions (b) and (c) of article Second of the will with respect to the affairs of the business, which was wholly owned by testator in a proprietary capacity and not in a corporate form as stated in the will, are clear expressions of authority to the executors-trustees to continue said business and the will is so construed.
The fiduciaries may employ either Abraham Krebs or Harry Krebs, or the both of them, and pay them fair and reasonable salaries for actual work performed in furtherance of the business (Matter of Tuttle, 4 A D 2d 310; Matter of Ridosh, 5 AD 2d 67). The salaries which may be so paid to the sons are in addition to the annuities provided for them in the aforesaid subdivisions, and the statement therein that no charges shall be made by them for handling the business is construed as relating solely to commissions arising out of said business, which either or both sons might otherwise earn in a fiduciary capacity. The salary of Abraham Krebs shall be fixed, however, by the other two executors-trustees as under article Seventh of the will a decision by the majority shall be sufficient.
Settle decree on notice.