Jasen, J. (dissenting).
I dissent and vote to reverse the order of the Appellate Division holding that there is a conflict between the handwritten and the printed provisions of the contract.
The contract grants to the appellant gas company, for a consideration, a right of way "to lay, maintain, operate, change and remove pipe lines” on the parcel of land owned by the respondent. A handwritten provision in the instrument provides: "Line to be laid within 50' of North Property line to within 15±' of the cable line located along the eastern property line, then within 15+ ['] of the cable line to Putnam Road.” The printed portion of the instrument also grants to the gas company "the right, after the construction of one pipe *792 line, of constructing one or more additional lines of pipe at any time, laid alongside of the first line as herein provided and not more than sixteen (16) feet therefrom, upon the payment of the same price per rod as specified herein”.
The Appellate Division and a majority of this court have adopted an interpretation that the handwritten portion of the contract defined the width of the right of way and, thus, find a conflict between that portion of the agreement and the printed portion which grants the gas company the right to lay additional lines 16 feet from the first line. The purported conflict and ambiguity result from the fact that a second line could be laid within 16 feet of the first line and yet not lie cdmpletely within the area described in the handwritten provision.
It has long been the rule that, where an agreement by its terms is not ambiguous, there is no need to apply any rules of construction, such as handwritten provisions control over printed provisions, to interpret the contract. (Central Union Trust Co. of N. Y. v Trimble, 255 NY 88, 94; Walters v Great Amer. Ind. Co., 12 NY2d 967.)
Reading the agreement as a whole, I find no irreconcilable conflict between the two provisions. On its face, the agreement makes a general grant to lay a pipe line on respondent’s land —for a consideration—and recites the area in which that first line may be located. For a separate consideration, at the option of the gas company, the agreement also provides for the installation of additional pipe lines to be installed alongside and up to 16 feet from the first pipe. The fact that the handwritten provision uses the word "line” in the singular, rather than plural form, indicates quite clearly that this provision merely refers to the area in which the first line was to be laid. It follows that the second, or any additional lines which the gas company had the option to lay, could be laid anywhere on the respondents’ property, so long as the line was within 16 feet of the first line.
Such an interpretation gives meaning to other provisions in the agreement which would be rendered meaningless by the interpretation approved by the majority. For example, in that printed part of the agreement granting the right to lay additional pipe lines, the instrument provides that the additional lines are to be laid alongside the first line "as herein provided”. Except for the handwritten provision, there is no provision in the agreement locating any pipe line. Hence, unless the handwritten provision is read to locate the first *793 line, the printed phrase "as herein provided” has no meaning, a result not likely intended by the parties.
Order affirmed, etc.