■ C. LOUISE HEPWORTH, Respondent, v DOUGLAS J. HEPWORTH et al., Appellants. [64 NYS3d 885]—

Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered September 1, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment, denied defendants' cross motion for partial summary judgment, and declared that the amendments made in October 2013 to the Hepworth Family Residence Trust Agreement were invalid, unenforceable, and null and void ab initio, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted, and it is declared that the amendments are valid and enforceable. The Clerk is directed to enter judgment accordingly.

The issue on this appeal is whether the independent trustee's amendment that gave defendant Douglas J. Hepworth (defendant) input, which he did not have before the amendment, in removing and appointing an independent trustee is a right or power with respect to trust property (Trust Agreement, art XI, ¶ 2 [Irrevocability and Amendment] [the independent trustee may amend the trust agreement but "shall" not bestow on plaintiff grantor or defendant "any additional rights or power with respect to the Trust Property"]). If it is, the amendment is invalid; if it is not, it is valid.

It is evident from examining the trust agreement as a whole (*see e.g. Matter of Fields*, 302 NY 262, 272 [1951]) that the trust—created by a then-married couple to benefit their children—was an estate-planning device. If the power to remove and appoint an independent trustee were a right or power with respect to trust property, plaintiff (the grantor) would have retained an impermissible power pursuant to the original, unamended trust agreement, and her gift to the trust would be deemed incomplete (*see e.g. Estate of Vak v C.I.R.*, 973 F2d 1409, 1414 [8th Cir 1992]; *see* trust agreement, art II, § C [Distributions to Beneficiaries] [independent trustee has absolute discretion as to the amount and time of trust property distributions]). This would defeat the whole purpose of the trust agreement and create an absurd result, which we cannot sanction (*see e.g. Greenwich Capital Fin. Prods., Inc. v Negrin*, 74 AD3d 413, 415 [1st Dept 2010]). Thus, by the same token, giving defendant input into removing and appointing an independent trustee, the amendment does not give him "any *additional* rights or power with respect to the Trust Property" (emphasis added). Concur—Tom, J.P., Renwick, Gische, Oing and Singh, JJ.